[Civil No. 721.   Filed March 28, 1900.]

[60 Pac. 872.]

SAMUEL W. FINLEY et al., Defendants and Appellants, v.
CITY OF TUCSON, Plaintiff and Appellee.

1. PRACTICE—DEMURRER TO ANSWER—JUDGMENT ON PLEADINGS—MILES v. McCALLAN, 1 ARIZ. 491, 3 PAC. 610, APPROVED.—There is no express provision in our statute for a demurrer to the answer, and judgment may be rendered upon the pleadings when the answer does not deny any of the material allegations of the complaint, nor set up new matter constituting a defense.

2. BONDS—STATUTORY—COMMON LAW—VALIDITY—CONTESTED ELECTION —PARS. 1732, 1750, 3065, REV. STATS. ARIZ. 1887, CONSTRUED.—

Pending an appeal in a contest to determine who was elected city marshal, defendant gave a bond to refund any salary paid him by the city if declared not entitled to the office. Paragraph 1732, *supra,* provides for contests of elections, and paragraph 1750, *supra,* makes provision for such a bond, except that it uses the word "county," and does not in specific terms extend to any other political subdivision. Defendants set up no defense to the bond other than that is was without legal authority. *Held,* that as under paragraph 3065, *supra,* the defendant could not have received money for his services as city marshal from the city pending the appeal, unless he made a contract protecting the city in the payment of such salary, the bond was valid even though not a statutory bond, and he and his sureties were responsible thereon.

'3. SAME—TO REFUND SALARY—MEASURE OF LIABILITY.—Defendant executed a bond conditioned to refund the salary paid to him as city marshal by the city pending an appeal, provided he was declared not entitled to the office. *Held,* that the terms of the bond are controlling, and all salary must be refunded, and not merely any damages which the city might have suffered.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. F. M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Barnes & Martin, for Appellants.

Judgment on pleadings is only proper where the pleadings are insufficient to sustain a different judgment, notwithstanding any evidence which might be produced. 11 Ency. of Plead. & Prac., p. 1030.

This is not a case where judgment on the pleadings could be properly granted, for the reason that, while the defendants admit the execution of the bond sued on, they allege in their sworn answer that the bond was exacted by the plaintiff from defendant without any legal authority, and was not executed and delivered for any good and valid consideration. The effect of such allegation put in issue the proper execution and delivery of the bond, denied the consideration, and denied the validity of the bond. *Prost* v. *More,* 40 Cal. 347.

The answer alleges that the defendants had tendered to the plaintiff the only damage or emoluments which had been lost to defendant,—to wit, the difference between one hundred dollars per month paid to Finley and eighty-five dollars per

month paid to Oakes. This was a denial that defendants were liable under the bond for more than fifteen dollars per month —a denial that they owed the city $1,249.27 as alleged.

The effect of such answer was to set up new matter constituting a defense, and it was held by this court in *Miles* v. *McCallan*, 1 Ariz. 491, 3 Pac. 610, that "Judgment on the pleadings cannot be rendered when the answer under oath denies any of the material allegations of the complaint or sets up new matter constituting a defense."

The breach of a bond conditioned for the performance of a specified act does not give the obligee an absolute right to recover the amount named; when such a breach occurs he should sue for and recover only the damages actually sustained. *Ripley* v. *Eady*, 106 Ga. 422, 32 S. E. 343.

This bond was exacted of Finley by the city, and there is no statutory authority for such a bond. Section 1750 is to be strictly construed, and applies wholly to county offices; says bond shall run to the county, be approved by the chairman of the board of supervisors, and shall be conditioned that the principal will refund to the treasurer of the county any salary he may have received. *People* v. *Cabanne*, 20 Cal. 525.

"Where statute requires a bond to be payable to the state, and it is taken payable to the governor it is void." *Lawton* v. *State*, 5 Tex. 270.

"Where a bond is taken by an officer or court acting simply under statutory authority the instrument must be authorized by statute or it will be void." *Byers* v. *State*, 20 Ind. 47.

"A bond executed in the course of a judicial proceeding is not valid as a statutory or common-law obligation where the court or officer who took it had no authority to take it." *Couchman* v. *Lisle*, 17 Ky. Law Rep. 1295, 33 S. W. 940.

C. W. Wright, and Rochester Ford, for Appellee.

Bonds intended to be taken in compliance with statutes, although not done so, if entered into voluntarily and founded upon a valid consideration, and do not violate public policy or contravene any statute, will be enforced by common-law remedies. *Palmer* v. *Vance*, 13 Cal. 553; *Munter* v. *Reese*, 61 Ala. 395; *Bunneman* v. *Wagner*, 16 Or. 433, 8 Am. St. Rep. 306, 18 Pac. 842.

Although a constable's bond is given to the treasurer of a

city instead of to the city, as required by statute, yet being voluntarily executed, and there being nothing in the condition contrary to law, it is a valid bond at common law. *Farr* v. *Rouillard,* 172 Mass. 303, 52 N. E. 443.

STREET, C. J.—In December, 1896, an election was held in the city of Tucson for the election of city officers. George W. Oakes and the appellant Samuel W. Finley were candidates for the office of city marshal. Upon the return and canvass of the votes cast at said election it was decided that Oakes had received the largest number of votes cast, and a certificate of election was given him therefor. The appellant Samuel W. Finley contested the election in the district court in and for Pima County, and, as the result of such contest, obtained a judgment and decree from said court declaring and adjudging him to be entitled to hold the office of city marshal, and that Oakes be ousted therefrom. Oakes appealed from said judgment to the supreme court of the territory, and obtained a reversal of the judgment of the district court, and a judgment that the district court enter a judgment for the contestee, Oakes. *Oakes* v. *Finley,* 5 Ariz. 390, 53 Pac. 173. Pending the appeal, Finley was desirous of drawing the salary attached to the office of city marshal, and gave a bond to the city of Tucson, appellee, in the sum of twenty-four hundred dollars, with the other appellants, William H. Barnes, James Finley, and Rosario Brena, as sureties. The condition of the bond is as follows, to wit: "The condition of the above obligation is such that whereas, on the ninth day of January, 1897, in the district court of the first judicial district of the territory of Arizona in and for Pima County, in an action pending therein wherein Samuel W. Finley is contestant and George W. Oakes is contestee, the said Finley was adjudged to be the duly elected city marshal of the said city of Tucson; and whereas, the said George W. Oakes has taken an appeal from said judgment to the supreme court of the territory of Arizona; and whereas, the said Samuel W. Finley is desirous of receiving the salary for his services as such city marshal from the city of Tucson during the pendency of such appeal: Now, therefore, if, on appeal, or any new trial of said cause, he, the said Samuel W. Finley, be adjudged or decreed to be not entitled to such office, and if he,

the said Samuel W. Finley, shall refund to the treasurer of
said city of Tucson any money he may have received from the
said city of Tucson as compensation or salary for his services
as such city marshal, rendered as such officer during the term
of office contested, together with the costs of suit which may
be brought on this bond, then this obligation to be void; other-
wise, to remain of full force and virtue.'' After judgment of
the supreme court was entered reversing the judgment of the
district court, and ordering the district court to enter judg-
ment in favor of Oakes, contestee, the city of Tucson made
demand on Finley and his sureties for the reimbursement to
the treasurer of said city of $1,249.27, the amount paid by
said city to and received by said Finley as city marshal, and,
not receiving payment, brought this action for said amount
and costs of suit. Defendants filed their answer to the com-
plaint, and, without denying any of the allegations of the
complaint, they alleged that the bond was given by Finley to
the city of Tucson without authority of law, and, that being
the case, it was without valuable consideration, illegal, and
void. They further alleged that Oakes, during the pendency
of the appeal, was employed by the city of Tucson, and re-
ceived compensation from the city at the rate of eighty-five
dollars per month; that the salary of city marshal was one
hundred dollars per month, and that Oakes could collect from
the city only the difference between eighty-five dollars per
month and one hundred dollars per month, as that was the
only injury or damage which he had sustained; that Finley
had tendered to the city of Tucson the sum of fifteen dollars
per month during the time he had occupied the office of city
marshal and drawn the salary and emoluments thereof. Plain-
tiff filed its motion asking for judgment on the pleadings, and,
when the cause came on to be heard, judgment was so ren-
dered for the plaintiff against the defendants, the appellants
herein.

Judgment upon the pleadings is a practice recognized by
the courts of Arizona. *Miles* v. *McCallan*, 1 Ariz. 491, 3 Pac.
610. There is no express provision in our statute for a de-
murrer to the answer, and judgment may be rendered upon
the pleadings when the answer does not deny any of the mate-
rial allegations of the complaint, or does not set up new matter
constituting a defense. *Botto* v. *Vandament*, 67 Cal. 332, 7

Pac. 753; *Hicks* v. *Lovell*, 64 Cal. 17, 49 Am. Rep. 679, 27 Pac. 942; *Prost* v. *More*, 40 Cal. 347. The answer of these appellants, as defendants in the district court, set up no defense to the bond, only that it was given without legal authority, stating wherein. The bond sued on is not a statutory bond, nor one given in pursuance of any statute, unless it may have been in pursuance of paragraph 1750 of the Revised Statutes (chapter 16, entitled "Contesting Elections"). Paragraph 1732, which is section 1 of chapter 16, entitled "Contesting Elections," provides: "Any elector of a county, city or any political subdivision of either may contest the right of any person declared elected to an office to be exercised therein, for any of the following reasons," etc. Finley's contest was controlled by the provisions of that chapter. Paragraph 1750 makes provision for just such a bond as was given in this case, except that it uses only the word "county," and does not in specific terms extend to any other political subdivision. Yet, if the bond given by the contestant in this case was not a statutory bond, it was a common-law bond. It is provided by statute (par. 3065) that: "When the title of the incumbent of any office in this territory is contested by proceedings instituted in any court for that purpose, no warrant shall be drawn or paid for any part of his salary or compensation, except when otherwise provided by the law relating to contesting elections, until such proceedings have been finally determined." That paragraph applies to contests which are made for the purpose of obtaining reversals of decisions of returning boards in reference to city officers as well as county officers. Finley could not have received money for his services as city marshal from the city, pending the appeal, unless he had made a contract protecting the city in the payment of such salary. This he did voluntarily, as appears from the bond, and he and his sureties are responsible upon the obligation.

The bond also measures the obligation to the city in such a way as to dispose of the further answer of the defendants,—to wit, that the city could recover, or ought to recover, the difference only between the amount Oakes did receive from the city for other services rendered and the fixed salary for city marshal. There might be something in the contention of the appellants if the bond provided that Finley would hold the.

city free from damages, or would pay whatever loss the city might suffer from paying the salary to him pending the appeal; but such are not the terms of the bond. The terms are that, if he does not succeed in his appeal, he will *refund* to the treasurer of the city the moneys which *he has received* as salary during the pendency of the appeal. In that particular it is different from a bond containing a penal amount conditioned to cover damages. This bond was not conditioned to pay the city what it may have lost by its indulgence, but it was to refund all that had been received; so that the city might not stand in a position to suffer loss or annoyance. The judgment of the district court is affirmed.

Sloan, J., and Davis, J., concur.