[Civil No. 1122.   Filed April 2, 1910.]

[108 Pac. 249.]

LAURA LEE RANDALL, Intervener and Appellant, v.
P. R. FOX, Plaintiff and Appellee; EL GLOBO MIN-
ING & MILLING CO., Defendant.

1. PLEADING—JUDGMENT ON PLEADINGS.—Where, in an action against a
   corporation on a note, the corporation confessed judgment, and, on
   application of a stockholder therein, the judgment was vacated and
   he allowed to intervene and defend by answer, he occupied the same
   position as the corporation would have occupied had it intervened
   or as the stockholder would have occupied had he originally ap-
   peared and answered, and, if the stockholder's answer was insufficient
   as a defense to the complaint, plaintiff could move for judgment
   upon the pleadings.

2. PLEADING—MOTIONS—JUDGMENT ON PLEADINGS.—Judgment on the
   pleadings is a practice recognized in Arizona.

3. CORPORATIONS—LIABILITY FOR CORPORATE DEBTS.—Where a note is
   given by a corporation for money actually advanced to the corpora-
   tion by the payee, and paid out by the corporation in discharge of
   its debts, that the need of the corporation for the money was
   brought about by mismanagement, dishonest acts, or conspiracy is
   no defense to an action on the note.

APPEAL from a judgment of the District Court of the
Fifth Judicial District, in and for the County of Gila.
Frederick S. Nave, Judge.   Affirmed.

The facts are stated in the opinion.

J. M. O'Connell and C. I. McReynolds, for Appellant.

The answer filed by appellant established *prima facie* a
defense to the action, and the trial court had no authority to
inquire into the truth or falsity of such defense, which was
a matter that could only come up on the trial of the case
on the merits.   This verified answer having denied all the
material allegations of plaintiff's complaint, and also raising
the question of the good faith of the transaction, clearly en-
titled the intervener to a trial of the case on its merits.
*Washburn* v. *Green*, 133 U. S. 30, 10 Sup. Ct. 280, 33 L. Ed.
516.   It is only where an answer admits or leaves undenied

all material facts stated in the complaint that a judgment can be rendered on the pleadings. If the answer leaves an issue which the defendant is entitled to have tried, such a judgment cannot be rendered. *Botto* v. *Vandament,* 67 Cal. 332, 7 Pac. 753; *Martin* v. *Porter,* 84 Cal. 476, 24 Pac. 109; *Rankin* v. *Newman,* 107 Cal. 602, 40 Pac. 1024, 41 Pac. 304; *Kuhn* v. *McKay,* 7 Wyo. 42, 19 Pac. 473, 51 Pac. 205; *Finley* v. *City of Tucson,* 60 Pac. 873; *Norris* v. *Lilly,* 147 Cal. 754, 109 Am. St. Rep. 188, 82 Pac. 425; *Wickersham* v. *Comerford,* 104 Cal. 494, 38 Pac. 101; *Widmer* v. *Martin,* 87 Cal. 88, 25 Pac. 264; *Dexter Horton & Co.* v. *Wiley,* 2 Wash. 171, 25 Pac. 1071.

Judgment on pleadings is not in harmony with the code, and hence ought not to be favored, but only granted where clearly applicable. *Bowles* v. *Doble,* 11 Or. 474, 5 Pac. 921; *Currie* v. *Southern Pacific Co.,* 23 Or. 400, 31 Pac. 963. The answer of intervener specifically denying all of the material allegations of plaintiff's complaint and also alleging fraud and collusion on the part of the board of directors and holders of the majority of the capital stock, clearly entitled the intervener to a trial of the issues.

Richardson & Doan, for Appellee.

It is a fundamental rule that in vacating a judgment the court must be satisfied that a meritorious defense is offered, and a retrial would probably result in a different judgment being rendered. If the court was satisfied the answer offered was false, it would not give it much weight. *El Paso & S. W. R. R. Co.* v. *Kelly* (Tex. Civ. App.), 83 S. W. 855, and cases there cited. "The failure to exercise reasonable diligence in moving to set aside a default or in preparation for trial is proper ground for a refusal to set aside such default or judgment, even though it may appear that the defendant has a good defense upon the merits." *Lewis* v. *Cunningham,* 10 Ariz. 158, 85 Pac. 244. The arbitrary refusal to go to trial was alone sufficient to justify the court in reinstating the judgment, for the noncompliance with the conditions imposed at the time a judgment is vacated entitles the plaintiff to his judgment as first rendered.

Judgment upon the pleading is a practice recognized by the courts of Arizona. *Finley* v. *City of Tucson,* 7 Ariz. 108, 60 Pac. 873.

KENT, C. J.—A statement of the proceedings in the case is necessary. The action was brought by P. R. Fox, the appellee, against the El Globo Mining and Milling Company, a corporation, to recover upon a promissory note of the corporation for $15,000, which had been assigned to Fox by Charles P. Romadka, the payee. The note in question was executed by Charles A. Romadka, the president of the corporation, who was the son of Charles P. Romadka, the payee. The note was payable on September 15, 1907. On May 2, 1908, default having been made by the company in the payment of the note, this suit was filed by Fox, assignee of the payee, in the district court, the complaint being the ordinary complaint on a promissory note alleging the making, execution and delivery of the note for a valuable consideration, and its assignment to the plaintiff in the case before maturity for a valuable consideration. On May 4, 1908, the company, by its president, C. A. Romadka, appeared and filed a document confessing judgment, and thereupon on the same day judgment was entered in favor of Fox against the company for the amount of the note and interest. On May 21, 1908, Joshua O. Lee, a stockholder of the company, filed a motion to have the judgment vacated and for leave to intervene and defend. On June 22, 1908, an order was entered vacating the judgment theretofore entered, and allowing any stockholder to enter an appearance and file an answer in defense. Thereafter Lee, as such stockholder, and one Boardman, also a stockholder, each filed separate answers in the action. A general demurrer to the Boardman answer was sustained by the court and leave to amend denied. The case was thereafter set by the court for trial on the issues raised by the complaint and the Lee answer, and thereafter, on motion of the attorneys for Lee, the trial order was vacated, and the case continued to the 18th of November, 1908, for trial. On the 16th of November the plaintiff filed a motion to reinstate the judgment theretofore entered and vacated, which motion was set for hearing on the 18th of November, and the intervener, Lee, was given notice of such hearing. Upon the hearing of

the motion the court sustained the motion, and rendered judgment as follows: "This cause having come on for trial before me sitting in the district court of the second judicial district in and for the county of Cochise on the fourth day of May, 1908, and judgment on said day having been rendered by me in favor of the plaintiff, and said judgment having thereafter been set aside by my direction upon the application of Joshua O. Lee for leave to interpose a defense to the complaint therein, and the said cause thereafter having been transferred by consent of the parties from the said district court unto this court, it appearing to this court that the answer of Joshua O. Lee presented with his application for leave to intervene as a defendant, is insufficient in law as a defense to the action of the plaintiff, and it further appearing that the answer of Frank S. Boardman filed herein as a defense to the said complaint does not state facts sufficient to constitute a defense, and no sufficient defense to said complaint having been filed on behalf of any party to this action, plaintiff now moving for reinstatement of the judgment heretofore rendered and for judgment on the record filed and pleadings herein, the court now being fully advised in the premises and having reconsidered the evidence offered on behalf of the plaintiff at the time of the former rendition of judgment herein and having considered all of the pleadings in the record, it is ordered, adjudged, and decreed that the plaintiff, P. R. Fox, do have and recover from the El Globo Mining and Milling Company, a corporation, defendant, the sum of fifteen thousand nine hundred and nineteen dollars," etc. An appeal from the judgment so entered was · taken to this court by Joshua O. Lee, but, he having shortly thereafter died, the appeal was prosecuted by Laura Lee Randall, heir of said Joshua O. Lee, deceased, the intervener.

The appellant's contention seems to be twofold: First; that the court had no authority or power to enter the judgment appealed from at the time it was so entered and under the conditions then existing; and, second, that, if such power existed, the court erred in holding that the answer of Lee was insufficient to raise a defense.

As to the first contention, the appellant cites the case of *Arizona etc. Min. Co.* v. *Benton,* 12 Ariz. 373, 100 Pac. 952, as authority. We held there that such an answer as originally

filed here by this corporation was not in effect an answer,
but a confession of judgment, and that such a confession of
judgment could not be made by the president of the corpora-
tion in the absence of express authority granted either by the
corporation or by statute, except where authority may be im-
plied from the nature of the corporate business or his duties.
We therefore held in that case that upon a proper showing
by the corporation, a judgment entered on such a confession
should be set aside and the corporation allowed to defend,
when it was shown that it had a substantial defense upon the
merits, and that in refusing the corporation an opportunity
so to defend the trial court in that case was in error; but,
in the case at bar, the corporation had evidenced no desire
to contest the judgment entered, and the trial court in this
case, upon the application of the stockholder here appealing,
did set aside the judgment entered and allowed the defense
to be interposed. The Benton case is therefore no authority
for the position taken by the appellant here, since the appel-
lant has obtained in this case the very relief that we held
in the Benton case the corporation was entitled to have.

The stockholder Lee, having obtained the right he sought—
the judgment formerly entered having been set aside by the
trial court and the stockholder having been allowed to inter-
vene and file his answer, and having filed such answer—is
thereafter in precisely the same position as if such interven-
tion had been by the corporation, or as if he had originally
appeared and answered as a defendant in the case. If, there-
fore, the answer interposed by the intervener, Lee was insuffi-
cient to constitute a defense to the matters set forth in the
complaint of the plaintiff, the plaintiff was entitled upon a
motion duly made to have judgment upon the pleadings if
such pleadings warranted judgment being entered. Judg-
ment on the pleadings is a practice recognized by this court.
*Miles* v. *McCallan*, 1 Ariz. 491, 3 Pac. 610; *Finley* v. *City of
Tucson*, 7 Ariz. 108, 60 Pac. 872. In this case judgment was
rendered by the court according to the recital of the judgment
as follows: "Plaintiff now moving for reinstatement of the
judgment heretofore rendered and for judgment on the rec-
ord, files, and pleadings herein, the court now being fully ad-
vised in the premises, and having reconsidered the evidence
offered on behalf of the plaintiff at the time of the former

rendition of the judgment herein, and having considered all of the pleadings in the record, it is,'' etc.  Upon the record in the case we think the court was justified in entering the judgment for the plaintiff and against the intervener, Lee, provided the answer of the intervener, Lee, as held by the trial court, did not set forth facts sufficient to constitute a defense to the cause of action set forth in the complaint.

The complaint was an ordinary one upon a promissory note. The answer admitted the making, execution, and delivery of the note by the corporation to the payee.  It excepted from such admission that the note was executed for a good and valuable consideration, or for any consideration whatsoever. There is no denial, however, in the answer that it was executed for a valuable consideration.  The answer denies the assignment by Chas. P. Romadka to Fox of the note for a valuable consideration.  It alleges affirmatively that Lee was a stockholder; that Romadka, the president of the corporation, and Romadka, the payee of the note, were son and father, respectively; that other stockholders holding with the Romadkas a majority of the stock were related or closely identified with each other; that from the sale of the treasury stock the sum of $166,500 was realized, and had been sent to Charles A. Romadka, the president and active manager of the company, for disbursement by him on behalf of the company, and that Charles A. Romadka had been practically continuously from the inception down to the institution of the action in question in sole charge of the disbursement, expenditure and outlay of the funds of the corporation and of the affairs of the corporation; that two directors friendly to the interests of the minority had been ousted from the board of directors by the Romadkas and their associates because of their desire to investigate the doings of Romadka; that Romadka, the president and manager, was incompetent for his position; that the business of the company had been conducted by him in an unskillful, wasteful, and extravagant manner; that the directors and majority stockholders had refused to remove Romadka although they knew of his incompetency; that Romadka issued a report to the stockholders, which was inaccurate, false, and untrue, and knowingly so to Romadka, and that the report was made to defraud and deceive the stockholders and to cover up misappropriations on the part of Romadka; that a subse-

quent statement made to the stockholders by Romadka was unsatisfactory; that an expert examination of the books of the company showed they were not properly kept; that large sums had been disbursed which were not explained or accounted for, and that, by reason of such funds being unaccounted for, Romadka had misappropriated the sum of $30,000 and over to his own use in fraud of the stockholders; that Romadka and his associates had entered into a combination and conspiracy to force out the minority stockholders, and in furtherance thereof had issued a circular letter relating to the issuance of stock, the statements of which circular letter were untrue; that a proposition made by the minority stockholders to do their part toward paying off the lawful indebtedness of the corporation and arranging for its continuance in business was refused by the majority stockholders; that the fraudulent transactions among the directors and majority stockholders will result in serious injuries to the company and minority stockholders unless corrected and restrained; that certain action proposed to be taken by the majority stockholders should be restrained for the reason set forth in the answer, and other allegations in general terms of fraud and mismanagement by Romadka and his associates are also made. The answer further alleges that, on account of the mismanagement of the affairs by Romadka the funds of the corporation became exhausted by July, 1907, and that on account of such mismanagement and misappropriation of funds, and in furtherance of a conspiracy and combination between Romadka and the majority stockholders to force out the minority stockholders, the note in question was executed by Romadka in favor of his father, and that thereafter the payee made a nominal transfer of the note to Fox, who, with full knowledge of the fraud alleged, instituted this suit for the purpose of obtaining judgment on the note and levying upon certain assets of the corporation, and with a purpose of defrauding the intervener and remaining minority stockholders of their rights; that the transfer of the note was made to Fox that there might be apparently a *bona fide* transfer to an innocent purchaser, and that Fox was in full knowledge of the alleged fraudulent transactions at the time of the transfer, and that Fox was not the real owner or holder of the note nor the real party in the action, but that the payee was still the real owner

thereof. The answer alleges affirmatively sufficient funds to pay the indebtedness of the corporation had been forwarded to Romadka, the president, but that Romadka had failed to account for the same or apply the same to the benefit of the corporation, and that, on account of his failure so to apply the funds or account for the same, the company was required to execute the note sued on in order to obtain funds; that this condition was within the knowledge of Charles P. Romadka in whose favor the note was executed, "who by advancing said sum of money covered up the misappropriations on the part of his son." The answer prays judgment simply that the plaintiff take nothing by his action.

The allegations of the answer are sufficient to show that whatever defense the company or the minority stockholders might have as against Charles P. Romadka, the payee of the note, is available against Fox, the assignee, but that such defense, if not available against the payee, is not available against the assignee. Assuming the allegations of fraud and dishonest management in the affairs of the corporation to be sufficiently alleged in the answer, and that as a direct result of such dishonesty the corporation had to borrow money to meet its indebtedness, and that such dishonesty was known to the person who loaned the money, nevertheless such a state of affairs is no defense in an action at law by the person loaning the money upon the note given by the corporation for such loan. The allegations of the answer affirmatively show that the note was given for funds actually advanced to the corporation by Romadka, and that the money so advanced by Romadka to the corporation was actually disbursed by the corporation in payment of debts of the corporation. That the need of the corporation for this money was brought about by reason of mismanagement, dishonest acts, or the alleged conspiracy affords no defense to the corporation or to the minority stockholders in this action upon the note to the company given for the money so advanced to the company. The money having been given to the company and expended by the company in the payment of its debts, the company is liable for the repayment thereof, and must meet the obligation of the note given for such repayment. The relief sought for the alleged fraud, mismanagement and conspiracy must be obtained in some other suit or proceeding.

Upon the allegations of the answer, therefore, and upon the proofs and the record before it, and upon the pleadings, we think the trial court was correct in the judgment entered by it; and it will therefore be affirmed.

LEWIS, J., concurs in the result. DOE, J., concurs. CAMPBELL and DOAN, JJ., not sitting.