## WILLIAM H. SMITH, *Respondent, v.* HENRY J. FAUST AND JOHN S. HOUTZ, *Appellants.*

MOTION FOR JUDGMENT ON PLEADINGS, HOW WAIVED.—After Plaintiff submits his case to the jury, and a verdict is rendered, the Court will not disturb the same, although he was entitled to a judgment on the pleadings.

JUDGMENT ON THE PLEADINGS.—When the answer fails to put in issue the allegations of the complaint, the Plaintiff, on motion, is entitled to recover upon the pleadings, without offering any testimony.

Appeal from the District Court of the Third Judicial District.

The facts appear in the Opinion of the Court.

*Baskin & De Wolfe* for Appellants.

*Fitch & Mann* for Respondent.

EMERSON, J., delivered the opinion, the other Judges concurring.

The complaint is in two counts, and is duly verified. The first count is for the work and labor of the Plaintiff in person, for which he claims there is a balance due him from the Defendants of $482.35.

The second count is for a balance due from the Defendants to one John J. Smith, for work and labor, and

which has been duly assigned to the Plaintiff, and upon which he claims there was due the sum of $162.25. A bill of particulars was attached to and filed with the complaint. The Defendants' answer reads as follows, viz: "In answer to the complaint of the Plaintiff herein, said Defendants deny each and every allegation of the same, in manner and form as herein alleged."

The cause was tried by a jury, who found a verdict in favor of the plaintiff for $343.50.

No objection was taken to the form of the answer before trial. Upon the trial the Defendants offered certain evidence, and the counsel for the Plaintiff objected to any evidence being received on the part of the Defendant, for the reason that the answer did not deny the allegations of the complaint. The objection was overruled and the evidence admitted.

Plaintiff's counsel also, before the case was finally given to the jury, moved the court "for judgment for Plaintiff, according to the prayer of the complaint." This motion was denied and the verdict of the jury taken. To both of the above rulings, exceptions were taken by the Plaintiff's counsel, who, upon the hearing of the case in this court, expressly waived all benefit he might be entitled to, if any error was committed in said rulings. The record shows that after the verdict of the jury was rendered, the Plaintiff's counsel moved the court for judgment, according to the prayer of the complaint, *non obstante veredicto*.

But the record does not show that any pleadings whatever were had upon this motion; besides, it was embraced in and covered by the waiver above mentioned.

Afterward the Defendants moved for a new trial, and assigned the following reasons therefor, viz:

First—"The insufficiency of the evidence to justify the verdict of the jury rendered therein, and said verdict was against law."

Second—"For errors in law occurring at time of trial, in this, overruling the motion of Defendant's counsel for

a nonsuit, after the evidence on the part of the Plaintiff was submitted."

The motion for a new trial was denied, and the Defendants took their appeal to this court.

When a complaint is verified, the statute requires a specific denial to each allegation of the complaint; and every material allegation not specifically controverted by the answer, shall, for the purpose of the action, be taken as true. In this case there was no attempt at such an answer as is required by the statute.

The Plaintiff was entitled to recover upon the pleadings, without offering any testimony.

But inasmuch as he did offer testimony, and submitted his case to a jury, we do not think it advisable to disturb the verdict.

The Court did right in denying the motion for a new trial.

The Record discloses no error of which the Defendants can take advantage.

The judgment is affirmed.