[No. 5343.]

## AMADOR COUNTY *v.* J. A. BUTTERFIELD ET AL.

JUDGMENT ON PLEADINGS.—Judgment cannot be rendered on the pleadings, on motion of the plaintiff, if the answer contains a denial of the material allegations of the complaint, even if the answer sets up a special defense, separately stated, which admits the allegations denied.

APPEAL from the District Court, Eleventh Judicial District, County of Amador.

The complaint alleged that the plaintiff did not safely keep, etc., the sum of $20,142.76. The answer, after denying the allegations, as recited in the opinion, set up as a special defense, which was separately stated, that the plaintiff had provided a room where it required the defendant to keep his office, and had provided him a safe in which it required him to keep the public money; and that, on the ninth day of May, 1875, at which time the said sum of $20,142.76 mentioned in the complaint, except $400, erroneously computed, was in the safe, some person or persons, to the defendant Butterfield unknown, entered the safe and stole the sum of $19,742.76, which was the same money mentioned in the complaint, and for which the plaintiff demanded judgment for $20,142.76. The Court, on motion of the plaintiff, rendered judgment for said sum of $19,742.76, admitted to have been in the safe. The defendants appealed.

The other facts are stated in the opinion.

*Farley & Porter,* for the Appellant.

*T. S. Phelps, T. M. Pawling, and McKune & Welty,* for the Respondent.

By the COURT:

The action is brought upon the official bond of the County Treasurer of the county of Amador. In the complaint several breaches of the bond are set out—"that he, Butterfield, did not perform all the duties of his said office of County Treasurer required by law, in this, that he did not safely keep * * * did not apply or pay out" the public moneys as required by law; that he did not keep or render an account of these moneys, nor disburse the moneys upon warrants issued by the County Auditor, etc.

The second defense found in the answer of the defendants (who are Butterfield and the sureties on his official bond), is as follows: " They deny that the said defendant, John A. Butterfield did not safely keep the said sum of $20,142.76, in said second amended complaint mentioned, or as much thereof as ever came to his hands, or any part thereof, as required by law; or that he did not keep or render an account of the receipt or expenditure of said money or any part thereof; or that the said sum of money, or any part thereof, has been lost to the plaintiff by reason of any act or misconduct, or neglect, failure, or refusal of duty, of the said defendant, John A. Butterfield."

In this condition of the pleadings, judgment was rendered by the court below in favor of the plaintiff without a trial of the action. The judgment was entered for the plaintiff upon motion, upon the pleadings. The determination of such a motion is not a *trial* of the cause, and the motion cannot prevail if the answer on file contain a sufficient denial of the material allegations of the complaint. In such case the plaintiff can recover only upon proving the cause of action set forth in the complaint.

We are of the opinion that the second defense above recited was in itself a sufficient denial of the allegations of the

complaint, and that the motion for judgment should for that reason have been denied below.

This view renders it unnecessary to consider other points relied upon in the argument.

Judgment reversed and cause remanded.   Remittitur forthwith.