HELEN T. PIERCE, *et al.*, V. JAMES THOMPSON.

PRACTICE, *Under § 594 of Civil Code.* The plaintiff in his petition alleged that he was in the possession of the real estate in controversy; that the defendant claimed an estate or interest therein adverse to the plaintiff, and asked to have the adverse interest or estate determined and held void. The defendant answered, denying generally the allegations of the plaintiff's petition, and denying specifically that the plaintiff had any title to, interest in, or possession of the property in controversy, and alleged that the property was wild, vacant and unoccupied land. The plaintiff demurred to the defendant's answer, on the ground that it did not state facts sufficient to constitute a defense to his cause of action, and the court below sustained the demurrer. *Held,* Error; that in an action under § 594 of the civil code, the plaintiff must have actual possession of the property, by himself or tenant, or he cannot maintain the action.

*Error from Franklin District Court.*

ACTION brought by *Thompson* against *Pierce* and another, to quiet the title to certain lands situated in Franklin county. Trial at the May Term, 1878, of the district court, and judgment for the plaintiff. The defendants bring the case here. The opinion states the facts.

*A. W. Benson,* for plaintiffs in error.

*A. Franklin,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by James Thompson against Helen T. Pierce and Sarah A. Pennock. The petition of the plaintiff, omitting title, reads as follows:

"The plaintiff alleges that he is in the possession of the following-described real estate, situate in Franklin county, Kansas, to wit, [here the property is described]; that the defendants, Helen T. Pierce and Sarah A. Pennock, claim an estate or interest therein adverse to this plaintiff, and are tenants-in-common of said premises, and derive their title from the same source; that this action is brought for the purpose of determining such adverse estate or interest. Wherefore [plaintiff prays] that said adverse estate or interest, if

any, may be determined by the court here, and if none, that this court may so adjudge, and for his costs of suit."

The defendant Helen T. Pierce was a minor, and the court below, on motion of the plaintiff, appointed John W. Deford as her guardian *ad litem*. Deford was also attorney for the defendant Sarah A. Pennock. The defendants answered separately, though the answers were in substance the same. Each answer contained a general denial. Such an answer, indeed, is required to be filed, under § 101 of the civil code, by any guardian *ad litem* for an infant defendant. Each answer also denied specifically that the plaintiff had any title to, interest in, or possession of the property in controversy, and alleged that the property was wild, vacant and unoccupied land. There were some other allegations in each of the answers; but none of them admitted that the plaintiff had any possession of the property, and none of them admitted that the plaintiff had any title to the property except such as he claimed under certain tax deeds, which the answers alleged are void. The plaintiff demurred to each of these answers, on the ground that they did "not state facts sufficient to constitute a defense to his [the plaintiff's] cause of action." The court below sustained both of these demurrers, and rendered judgment in favor of the plaintiff and against both of the defendants; and the defendants bring the case to this court for review.

We think the court below erred. (*Eaton v. Giles*, 5 Kas. 24; *Douglass v. Nuzum*, 16 Kas. 515; *Douglass v. Bishop*, 24 Kas. 749.) It will be noticed that the plaintiff in his petition did not allege that he had any title to the property in controversy. It will also be noticed that he did not allege that he had the actual possession thereof; and it will also be noticed that he did not even allege that he was in the peaceable possession thereof. All that he did allege respecting title or possession was, that he was "in possession of the property;" and this allegation the defendants denied generally and specifically.

In the case of *Douglass v. Nuzum* it is held that, "In an action to quiet title under 594 of the code, the plaintiff must

*allege* and prove an actual possession by himself or tenant." (Syl. No. 1.)   And it is also held in the same case that in equity, "Equity will not, upon the mere allegation of the existence of an adverse claim, examine its nature and extent, and determine as to its sufficiency." (Syl. No. 4.)   But we suppose this action was not intended to be brought as a suit in equity, for the petition was obviously and manifestly insufficient for such a case; but evidently the action was intended to be brought under § 594 of the code.   In the case of *Douglass v. Bishop* it was held that—

"A tax deed executed to a plaintiff and offered by him in evidence in an action brought by him under § 594 of the code, to quiet title to land embraced in the deed, does not prove or tend to prove actual possession of the premises in the plaintiff, and a decree quieting title in favor of the plaintiff in such an action, where the possession is controverted by the defendant, will be reversed on proceedings in error in the supreme court, where there is a total failure of proof showing actual possession." (Syllabus; see, also, the opinion in the case.)

This last case cited we think substantially decides the present case.   It is certainly doubtful whether the petition of the plaintiff in the present case stated any cause of action ; but if it did, then the defendants' answers were certainly sufficient answers to the plaintiff's petition.   He simply alleged possession of the property in controversy, and the defendants' answers denied it generally and specifically.   This was certainly sufficient.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.