## REICH · *v*. THE REBELLION S. M. CO. ET AL.

A PLAINTIFF IS NOT ENTITLED TO JUDGMENT UPON THE PLEADINGS where a material allegation in his complaint is denied by the defendant's answer.

CORPORATION, ENFORCEMENT OF TRUST AGAINST.—Where several owners of mining claims, for the purpose of the consolidation of such claims, agree to and do form a corporation, to which the mines are then deeded upon the understanding that shares of the capital stock of the company so formed shall be issued to the several owners in stated proportions, in an action by one to compel the issuance of stock under this agreement, the corporation is a necessary party defendant; and a complaint which alleges these facts, and that there remain in the possession and control of the corporation unissued shares sufficient to satisfy the plaintiff's claim, states a cause of action against the defendant company.

WHERE ISSUES OF FACT IN A CAUSE ARE TRIED BY THE COURT, WRITTEN FINDINGS OF FACT and conclusions of law separately stated are the foundation of and must precede the judgment. In the absence of such findings, the judgment will be reversed, for there is no presumption that it is supported by the evidence.

APPEAL from the third district court. The opinion states the facts.

*Arthur Brown,* for the appellant.

No statement was filed in this case. The appellant claims he is entitled to judgment on the pleadings.

The complaint alleges that plaintiff was the owner of undivided feet in certain mining claims, which were used to form the capital stock of defendant corporation.

To facilitate the transfer, plaintiff and others deeded to defendant Shields as trustee, and Shields deeded to the new corporation as formed. No accounting has ever been had with plaintiff. It is now said plaintiff is without any remedy. The trustee says he is not liable because he was merely agent of transfer. The corporation claims not to be liable because it made no promise and received no more than it paid for.

I claim that the corporation, knowing by the deed itself that Shields was trustee merely, was in duty bound to see the stock distributed to the real beneficiaries.

That defendant Shields, having accepted this office for the purpose of conveying to the company, was necessarily trustee to see that the proceeds were not unfairly or fraudulently disposed of: Perry on Trusts, sec. 430 et seq.

The trustee knew that the price of land was two hundred shares per foot. Could he honestly, as a corporator, either take that price himself or permit any other corporator to take it? It is manifest that plaintiff could have no other remedy than bringing these two defendants to an account. The facts of complaint are all conceded by answer, except the relative values of properties. We submit that, in the absence of any other showing, the price should be divided according to quantity. If the defendant desired to add the fact of difference of value, if any existed, he should have put that in the record: Prac. Act, sec. 180; 41 Cal. 133; 39 Id. 39.

At all events, the answer not setting forth a defense, plaintiff was entitled to judgment, and the demurrer was improperly sustained. The judgment is erroneous and must be reversed, because no findings of fact are made: *McKean* v. *McDermott*, 22 Cal. 667; 2 Id. 474; Prac. Act, sec. 180; *Dickert* v. *Wise*, 2 Utah, 350; *Patterson* v. *Sharp*, 41 Cal. 133.

*Woods & Hoffman*, for the respondent.

The record in this case shows that although the demurrer interposed on the part of the defendant, the Rebellion Silver Mining Company, was sustained, the entire case was tried by the court, and upon such trial judgment was rendered in favor of both defendants and against the plaintiff: See Transcript, pp. 8, 9. There is no statement of the case nor assignment of errors made in the record.

As to the defendant the Rebellion Silver Mining Company, the only alleged error that can be noticed is the order sustaining the demurrer.

As to the defendant Shields, there is no bill of exceptions or assignment of errors or statement. This court will not consider the action of the court below in any proceeding had there, or any matter not appearing in the judgment roll:

*Douglass* v. *Dakin*, 46 Cal. 49; *Hutton* v. *Reed*, 25 Id. 478; *Rogers* v. *Cooney*, 7 Nev. 213.

Numerous other cases on this point might be cited, but we do not deem it necessary.

Regarding this as the law in the case, the judgment in favor of defendant Shields must be affirmed, as the record discloses no errors and counsel for appellant claims none in his brief.

The judgment is in effect a nonsuit. The finding of the court is "that no cause of action is made against the defendants, or either of them, and the judgment is that said plaintiff's complaint be dismissed," therefore no findings of fact are necessary.

EMERSON, J.:

In his complaint the plaintiff alleges, in substance, that he was the owner of undivided feet in one of a number of mining claims which the owners were desirous of consolidating in a corporation, and which were deeded to and formed the capital stock of the defendant corporation; that before, and in order to facilitate the organization of the corporation, he joined with others and deeded his interest to defendant Shields, in trust, that he should deed the same to the corporation when formed, and should take the number of shares to which each was entitled in the name of each individual owner, according to their respective interests; that said Shields did deed to the defendant corporation after its organization; that at the time of the incorporation of the defendant company the terms of the trust deed to Shields was known to the incorporators; and then sets out the number of shares the owners of each set of mining claims, there being two groups of them, were to have, and which is not material to mention here; and then alleges that in the articles of incorporation no shares were allotted to him; that since the incorporation he has received seven hundred and fifty shares; that after taking out ten per cent of the number of shares for working capital, according to agreement, he is yet entitled to a large number of shares; that he has demanded of the president of the corporation to be informed as to the division of the shares of said corporation; that the information has been

denied him; that a great proportion of the shares of the corporation have not yet been issued, but remain in the office of the defendant corporation unissued; and prays that defendant may disclose and discover what consideration certain persons named, who were the other owners in the group of claims in which the plaintiff was interested, paid for the shares of stock assigned them, and how many feet were owned by each in any of the mines so incorporated; that defendant may be compelled to issue to him one thousand nine hundred and fifty shares of its stock; or in case of their inability, in consequence of sale or disposal, that plaintiff be allowed compensation for the same; and that defendant may be enjoined from selling, disposing, or issuing any further shares of stock until the further order of the court.

The defendant corporation demurred and answered at the same time. The demurrer was general, that as to that defendant it did not state facts sufficient to constitute a cause of action. The defendant Shields filed a separate answer. It is unnecessary to set out the answers. It is sufficient to say that in our judgment each contained denials of at least some of the material allegations of the complaint.

The demurrer of the defendant corporation was sustained, yet the record discloses that the parties proceeded to a trial upon the complaint and answers as though there had been no demurrer. The issues were tried by the court, and without making or filing any findings of fact and conclusions of law, judgment was rendered for the defendant, and the plaintiff brings this appeal, alleging as error the sustaining of the demurrer, rendering judgment without findings, and claims that he should have judgment upon the pleadings. As to the latter, it is sufficient to say that material issues were raised by the answers, and hence he is not entitled to judgment on the pleadings.

The demurrer was improperly sustained. The complaint, especially in view of the relief asked, sets out a case with a sufficient degree of certainty to enable the defendant to know the precise grounds upon which it is asked, and states a case in which the corporation is a necessary party defendant. The shares of stock which the plaintiff claims he is entitled to are alleged to be in its possession, and he asks it to account

to him for them, and to be enjoined from issuing and disposing of them. The court, by any order it might make, could not reach the unissued shares of stock except by making the corporation a party. If the appellant sustains by sufficient proof the allegations of his complaint, he is entitled to the relief asked. In the case made by the complaint the corporation and Shields are properly joined as defendants.

Under the one hundred and eightieth section of the practice act, in trials of issues of fact by the court, written findings of fact and conclusions of law, separately stated, must be made and filed before any judgment can be entered. They are the foundations for the judgment, and are as necessary to precede any judgment as a verdict in case of trial by jury. Under our statute there is no presumption in the absence of findings, when issues of fact are tried by the court without a jury. The judgment of the lower court is reversed and a new trial ordered.

HUNTER, C. J., and TWISS, J., concurred.