[No. 11024. Department Two. — August 22, 1885.]

TERESA BOTTO, RESPONDENT, v. JACOB VANDA-
MENT, APPELLANT.

JUDGMENT ON PLEADINGS — INCONSISTENT DEFENSES — DENIALS AND ADMISSIONS. —
A judgment on the pleadings is not authorized if the answer deny the material allegations of the complaint, although in a special defense separately stated the allegations formerly denied are admitted.

APPEAL from a judgment of the Superior Court of Amador County.

The facts are stated in the opinion.

*Eagon & Armstrong,* for Appellant.

Several defenses inconsistent with each other may be set up in a verified answer. (*Bell* v. *Brown,* 22 Cal. 672; *Wilson* v. *Cleveland,* 30 Cal. 192; *Buhne* v. *Corbett,* 43 Cal. 269; *Movenhaut* v. *Wilson,* 52 Cal. 268; *Billings* v. *Drew,* 52 Cal. 565.) Judgment for the plaintiff on the pleadings cannot be rendered when the answer denies any of the material allegations of the complaint. (*Miles* v. *McCallan,* 1 Ariz. 491; *Reich* v. *Rebel-*

*lion Silver Mining Co.* 7 Utah, 254; *Nudd* v. *Thompson,* 34 Cal. 39; *Amador* v. *Butterfield,* 51 Cal. 526; *Forrester* v. *Flores,* 64 Cal. 24; *Hicks* v. *Lovell,* 64 Cal. 14.)

*Rust & Caminetti,* for Respondent.

Foote, C.—This cause comes here from the Superior Court of Amador County on appeal from a judgment for the plaintiff on the pleadings. The plaintiff sued for damages for the taking of water from a ditch belonging to her, and for the restitution of certain water and water privileges, and prays for a perpetual injunction to restrain the defendant from further using or interfering with said water or water privileges.

The defendant denied specifically the allegations of the complaint, plead the Statute of Limitations of five years, under section 319 of the Code of Civil Procedure, and as a further and separate defense plead that his wife Julia A. Vandament was the true owner of the ditch, the water and water privileges, and that he, by her permission and as her agent, was using the same, and disclaimed any further right of possession to or interest in the subject-matter of the suit.

The case at bar being in this condition, a motion was made by the plaintiff for judgment on the pleadings, and that motion was granted, and judgment in accordance with it rendered by the trial court.

This court said in the case of *Hicks* v. *Lovell,* 64 Cal. 17, citing *Prost* v. *More,* 40 Cal. 347: "It is only where an answer admits or leaves undenied the material facts stated in the complaint that a judgment can be rendered on the pleadings."

It has been also held by this court in the cases of *Nudd* v. *Thompson,* 34 Cal. 39, and *Amador County* v. *Butterfield,* 51 Cal. 526, that judgment cannot be rendered on the pleadings, where the material allegations of the complaint are denied in the answer, even if the answer sets up a special defense separately stated, which admits the allegations formerly denied. No motion was made to strike out any part of the answer, or any demurrer interposed.

If it be true that the several defenses set up in the answer are not consistent with each other, nevertheless a moving party

would not be entitled on that account to judgment on the plead-ings, as this court has held in *Buhne* v. *Corbett*, 43 Cal. 269; *Billings* v. *Drew*, 52 Cal. 565, and other well-known cases.

In this case a plea of the Statute of Limitations was set up and was neither stricken out nor demurred to; hence an issue of fact remained which the defendant was entitled to have tried.

And the defense set up that the defendant's wife owned the subject-matter of the suit, and that he as her agent, and by her authority, was in possession of and using the same, raised another issue of fact entitled to trial. (*Farmers' and Mechanics' Bank* v. *Christensen*, 51 Cal. 571.)

The judgment on the pleadings rendered in this case is not warranted in law, and a new trial ought to be granted in accord-ance with the views herein expressed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment is reversed, and the cause remanded for a new trial.