[No. 13816. In Bank. — January 4, 1891.]

# E. S. CHESTER, APPELLANT, v. EDWARD FIELD ET AL., RESPONDENTS.

EJECTMENT — QUIETING TITLE — JUDGMENT ON PLEADINGS. — When a complaint contains the usual allegations in ejectment, and all that are necessary to quiet title, and prays that defendants be required to set forth their claims, and that they be adjudged invalid, that plaintiff be restored to possession, and defendants be debarred from asserting any claim to the land, and for other and further relief, and the answer denies plaintiff's alleged right of possession, a motion for judgment on the pleadings is not proper, though the denial may be subject to a special demurrer; and the court could not, in view of the allegations and prayer of the complaint, give judgment without evidence, even if no answer had been filed.

APPEAL from a judgment of the Superior Court of Calaveras County.

The facts are stated in the opinion of the court.

*A. Everett Ball*, for Appellant.

*Henry C. Dibble*, for Respondents.

PATERSON, J. — The complaint contains the usual allegations in ejectment, and all that are necessary to quiet title. At the trial, and before any evidence was introduced, the plaintiff moved for judgment on the pleadings, claiming that the answer raised no material issue. There was no demurrer to the answer.

The motion was properly denied. If the action be considered as an action of ejectment, there is a specific denial of plaintiff's alleged right of possession. It may be that the denial is too general, and that it would not stand the test on demurrer for uncertainty, but it is sufficient to raise an issue as to some portion of the property and to defeat a motion for judgment on the pleadings, assuming that such a motion would be good under any circumstances in an action of ejectment.

The prayer of the complaint is, that the defendants be

required to set forth their claims; that said claims be adjudged to be invalid, and plaintiff's title declared to be good; that plaintiff be restored to possession, and defendants be debarred forever from asserting any claim to the land, and "for such other and further relief as shall be meet in the premises, and costs of suit."

Upon the allegations of the complaint and this prayer the court would not have given judgment without evidence, if there had been no answer filed.

The judgment is affirmed.

McFARLAND, J., WORKS, J., and THORNTON, J., concurred.