SKLOWER, RESPONDENT, *v.* ABBOTT, APPELLANT.

[Submitted February 8, 1897. Decided February 15, 1897.]

*Judgment— When a Lien—Action to Quiet Title—Answer.*

1st. Under Section 307, Code Civil Procedure, Compiled Statutes 1887, a judgment is not a lien upon the real estate of judgment debtor, until it is entered on the judgment docket.

2nd. The lien of an attachment upon real estate is prior to the lien of a judgment obtained prior thereto, but not docketed until after the levy of the attachment.

3rd.—*Action to Quiet Title—Possession by Plaintiff.*—In an action to quiet title, plaintiff must allege and prove possession of the premises.

*Appeal from District Court, Meagher County. Frank Henry, Judge.*

ACTION by Max Sklower against C. P. Abbott to quiet title. From a judgment in favor of plaintiff on refusal of defendant to amend after a demurrer to the answer was sustained, defendant appeals. Reversed.

Statement of the case by the justice delivering the opinion.

This was an action to quiet title to real estate situated in Meagher county. From the complaint and answer on file, the facts presented for the court's consideration are as

follows: A judgment was duly obtained by a creditor of the original owner of the land on September 28, 1892, but was not docketed by the clerk of the court until October 4, 1892. Appellant (defendant below) bases his title upon this judgment. On October 3, 1892, respondent (plaintiff below), as a creditor, instituted a suit against the owner of the land, and caused an attachment to be levied thereon. The complaint also alleges that, at the time of the levy of the attachment, respondent, as well as the members of the firm of attorneys representing him (this firm having also represented the first creditor in obtaining judgment against the original owner), was fully aware of the existence of the undocketed judgment, and levied the attachment to destroy its value, and to cheat and defraud appellant. The answer to the complaint raised a direct issue as to who was in the actual possession of the premises. A demurrer was filed on the ground that said answer contained no defense. It was sustained. Appellant refusing to amend, judgment was rendered in favor of plaintiff. The appeal is from the judgment.

*Smith & Gormley,* for Appellant.

*Max Waterman,* for Respondent.

BUCK, J.—The first question to be determined is whether the judgment relied upon by appellant was a lien upon the real estate in controversy before it was docketed. The question must be determined by the statute in force at the time. This statute (section 307, Code of Civil Procedure, Division 1, Compiled Statutes 1887) is as follows: "Immediately after filing a judgment roll the clerk shall make the proper entries of the judgment, under appropriate heads, in the docket kept by him; and from the time the judgment is docketed it shall become a lien upon the real estate of the judgment debtor, not exempt from execution, in the county, owned by him at the time, or which he may afterward acquire, until said lien expires. The lien shall continue for six years, unless the judgment be previously satisfied." Under said section, it is manifest that this judgment did not become a lien upon the

real estate until after the creation of the attachment lien of respondent. The language of said section 307 admits of no other construction, but, as fortifying it, certain language in the case of *Creighton* v. *Hershfield*, 2 Mont., on page 390, is worthy of citation. In that case the supreme court of Montana, by Mr. Justice Knowles, in referring to a statute (§ 295, Codified Statutes 1871–72; § 358, Code of Civil Procedure; Division 1, Compiled Statutes 1887) requiring a deficiency judgment in a mortgage foreclosure to be docketed in order to constitute it a lien on real estate, said in substance: "The object of having a clerk docket a judgment for a deficiency is that the said judgment may become a lien on real estate, and is also to apprise purchasers of such estate of the amount of the lien thereon." If appellant was damaged by any act of the clerk of the court in failing to docket the judgment, or by any negligence or deceit practiced by the attorneys in reference to such docketing, he should seek redress from them. The allegations of the answer in this respect are wholly insufficient to warrant any redress as to respondent. If he was not a party to any fraud or conspiracy entered into for the purpose of delaying the docketing of the judgment,— if there was any such fraud or conspiracy,—he had a perfect right to have his attachment levied before any such docketing.

In one respect, however, the lower court committed error. The possession of respondent at the time of bringing the suit was directly at issue. If he was not in possession at such time, his title should be determined in an action of ejectment, and, in order to maintain this action to quiet title, he must not only allege, but prove, possession on his part. (See *Wolverton* v. *Nichols*, 5 Mont. 89, 2 Pac. 308; *Milligan* v. *Savery*, 6 Mont. 129, 9 Pac. 894.) For the last reason only the judgment of the lower court must be reversed. The cause is remanded, with directions to the lower court to overrule the demurrer and hear testimony on the question of possession.

*Reversed.*

PEMBERTON, C. J., and HUNT, J., concur.