[No. 6379.]

## THOMAS v. RAY.

1. **Pleadings—Judgment on the Pleadings**—Where the plaintiff declared in replevin for live stock, and the answer, in one defense, denied both plaintiff's ownership and right to possession since a date prior to the institution of the action, held that though in another defense the taking of the animals from the range and the refusal to surrender them on demand, was admitted, plaintiff in order to recover must establish both ownership and the right of possession, at the institution of the action, and that his motion for judgment was properly denied.—(424-426)

2. **Practice—Judgment of Discontinuance,** is properly entered where, plaintiff's motion for judgment being denied, he stands thereon.—(427)

*Error to Montrose District Court*—Hon. SPRIGG SHACKELFORD, Judge.

Messrs. SELIG & CROSE, for appellant.

Messrs. BELL, CATLIN & BLAKE, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Plaintiff in error commenced an action in replevin against defendant in error for the possession

of two bulls, and damages for their alleged wrongful detention. For answer the defendant interposed two defenses, consisting of (1) what was intended to put in issue the allegations of the complaint; and (2) what appears to have been regarded as an affirmative defense, to which the plaintiff filed a replication. Plaintiff then filed a motion for judgment on the pleadings, which was overruled, and later, having announced in open court that he elected to stand upon this motion, the cause, on motion of defendant, was dismissed at the cost of plaintiff. From this judgment the plaintiff has brought the case here for review on error.

The complaint was an ordinary one in replevin, and alleged, in substance, that at the time of the commencement of the action plaintiff was the owner, and entitled to the immediate possession of the animals in controversy (two Hereford bulls), branded in a manner specified; that defendant wrongfully took them from the range and from the possession of plaintiff, and has ever since wrongfully and unjustly detained them, and now detains them, without the consent of plaintiff, to his damage in the sum of $100.00, and that before the commencement of this action he demanded of defendant the return thereof, ''but defendant refuses to surrender same and is now in possession thereof without any title or claim of any kind.''

The first defense is as follows: ''First. The defendant denies that the plaintiff was entitled to the immediate possession of two Hereford Bulls (branded as described in complaint) or that he was the owner thereof at the time of the commencement of this suit, or that he was such owner or entitled to the possession of said bulls, at any time since on or about the 21st day of July, 1906.

''Second. The defendant admits that he took

said bulls from the range, but denies that he took
them wrongfully or from the possession of the plain-
tiff, and denies that he wrongfully and unjustly de-
tains said bulls, or that he ever wrongfully and un-
justly detained same. Denies that the said plaintiff
did not consent to his having the bulls. Denies that
the plaintiff has been damaged in the sum of $100.00
by reason of the taking and detention of said bulls
by the defendant, or at all, by reason of any act in
the premises of the defendant.

"Third. The defendant admits that he refuses
to surrender said bulls to the plaintiff. Denies that
he hasn't any title thereto or that he has not a claim
and title to said bulls."

This defense, counsel for plaintiff contends, not
only admits the ownership of the bulls in controversy,
but expressly admits the taking of the bulls from the
range, and the refusal to surrender them to the
plaintiff, and hence, it is argued, does not tender an
issue, and is an implied admission of the allegations
of the complaint. It is claimed that a denial in *ipsis
verbis* not only fails to raise an issue, but is an ad-
mission of the allegations of the pleadings to which
it is directed. This proposition cannot apply to the
defense under consideration, unless it is the third
paragraph, and possibly some portions of the second,
but this infirmity does not extend to the denials em-
braced in the first paragraph.

The action appears to have been commenced
about March 2, 1907. Plaintiff alleges that he was
the owner and entitled to the possession of the
animals in controversy at that time. The defendant
denies that plaintiff was the owner or entitled to the
possession of the animals at any time since on or
about the 21st day of July, 1906, a date anterior to
the commencement of the action. This denial cer-
tainly puts in issue the averments of ownership and

right of possession, as alleged by the plaintiff. The action in replevin is primarily an action for possession. With this in issue plaintiff was not entitled to recover unless he established, by competent testimony, his right to possession when the action was commenced. For the purpose of showing that he did not then have that right, the defendant, under his denial, could have introduced evidence that the right of possession was at that time vested in him or in some third person. Such being the situation of the parties with respect to the introduction of testimony, from which the facts would be determined fixing their rights to the subject-matter of controversy, it is clear that an issue on the right of possession was tendered by the answer. In other words, where the pleadings raise a material question of fact which must be determined from testimony before a judgment can be rendered, a motion for judgment on the pleadings must be denied.—*Cache la Poudre I. Co. v. Hawley,* 43 Colo. 32. Whether or not other averments of the complaint were put in issue by the defense under consideration is immaterial. The gist of plaintiff's right to maintain his action was put in issue, and he could not recover unless he at least proved his right of possession, even though other averments in his complaint were admitted by failure to deny, for the reason that a motion for judgment on the pleadings cannot be sustained unless under the admitted facts, the moving party would be entitled to judgment, without regard to what the findings might be on the facts upon which issue is joined—*Mills v. Hart,* 24 Colo. 505; *Rice v. Bush,* 16 Colo. 484—or, as held by other authorities, judgment upon the pleadings cannot be rendered in favor of plaintiff unless upon the admissions of the answer, no other judgment is possible than that prayed in the complaint.—*Roberts v. Colo. Springs & I. Ry. Co.,* 45 Colo. 188.

Having reached the conclusion that under the issues as made by the first defense, plaintiff could not recover except on the introduction of testimony establishing his right to the possession of the animals in controversy, it logically follows that having refused to do this by electing to stand on his motion, the court very properly, on the motion of defendant, dismissed his action.

It is urged that the second defense is evasive and contradictory, and does not tender any material issue. In as much as the first defense tendered a material issue, the sufficiency of the second defense in this respect is of no moment. Each defense stands by itself, and must be tested by what it contains. A judgment cannot be rendered on the pleadings on motion of the plaintiff where the answer contains a denial of the material allegations of the complaint, even though the answer sets up a special defense separately stated, which admits the allegations of the complaint by failure to deny.—*Nudd v. Thompson,* 34 Cal. 39; *Amador Co. v. Butterfield,* 51 Cal. 526.

Our attention is directed to §§ 4266-7-8, Mills' Ann. Stats., relating to bills of sale for stock sold, penalty for violation, and the duty of the purchaser to show bill of sale. We do not see how these sections have any application to the case at bar. Possibly they might have in connection with the facts set up in the second defense, but, be that as it may, it does not appear, so far as advised, that on the question of the right of plaintiff to a judgment on the pleadings, in so far as the first defense is involved, they have any application.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HILL concur.