TOWN OF MAPLETON et al. v. KELLY.

No. 2208.   Decided June 14, 1911 (117 Pac. 52).

1. PLEADING—JUDGMENT ON PLEADINGS. Where the answer presents a material issue, the court may not, without a hearing of and finding on the issue, enter judgment.   (Page 255.)

2. PLEADING—JUDGMENT ON PLEADINGS. Where, in a suit involving the right to the water of a stream, the complaint pleaded a judgment, and alleged that the rights to the water were adjudged thereby, and that plaintiff was entitled to the water, and that defendant was bound by the judgment, an answer denying that defendant was bound by the judgment, and denying that the water had ever been appropriated by plaintiff, or by any one else, raised issues of fact, and the court could not render judgment for plaintiff on the pleadings; it being sufficient to prevent a judgment on the pleadings that the answer presents a single material issue.   (Page 255.)

APPEAL from District Court, Fourth District; *Hon. J. E. Booth,* Judge.

Action by the Town of Mapleton and others against T. R. Kelly.

Judgment for plaintiffs, entered on the pleadings. Defendant appeals.

REVERSED AND REMANDED.

*Rydalch & McGurrin* for appellant.

*A. Saxey* for respondents.

FRICK, C. J.

This is an appeal from a judgment entered against appellant on the pleadings. The material facts, briefly stated, are in substance as follows:

On the 28th day of March, pursuant to Comp. Laws Utah 1907, section 1288x6, appellant made application to the State Engineer of this state to be permitted to appropriate two and seventy-five hundredths cubic feet per second of the waters of Maple Canyon Creek, a small stream in Utah County. Appellant duly complied with the provisions of the section just referred to, and, pursuant to the notice therein required to be published, respondents, in due time, filed a protest to appellant's application as provided in section 1288x9. A hearing was duly had before the State Engineer upon said application and protest. After having heard the parties, the State Engineer granted appellant's application, and respondent, pursuant to section 1288x14, commenced an action in the district court of Utah County "for the purpose of adjudicating the questions involved between the applicant and the protestant." Respondents, as plaintiffs in the said action, set forth in their complaint the corporate existence of the Town of Mapleton and the town of Springville, pleaded by copy all of the papers that were filed with

the State Engineer on the hearing aforesaid, and set forth the proceeding had on appellant's application in full. It also pleaded a certain judgment or decree rendered by the district court of Utah County in which it was alleged that long prior to the filing of apppellant's application it was adjudicated therein that the water sought to be appropriated by appellant had been appropriated and used by Springville and Mapleton, the two municipalities aforesaid, and that the appellant as a resident and water user of said Springville was bound by said judgment or decree. It is alleged, in substance, that the rights to the water in the stream in question had been adjudicated and settled, and that appellant, in attempting to appropriate the water mentioned in his application, would interfere with such rights. The facts are stated in the complaint with much particularity, and many details are set forth which it is not deemed necessary to refer to here.

Appellant demurred to the complaint both generally and specially. The demurrer was overruled, and appellant filed an answer, in which, after admitting the corporate capacity of the Town of Mapleton, he made admissions as follows: "Admits that the notice to water users was filed by defendant as in said complaint of plaintiffs set forth. Admits that plaintiffs filed protest to said application in words and figures as in said complaint alleged. Admits that defendant made and filed in the office of the State Engineer his affidavit in rebuttal as set out in said complaint, and admits that R. Lovell Mendenhall filed his additional affidavit against the application of defendant, and admits that the State Engineer of the State of Utah duly approved the said application of defendant as in said complaint alleged.

The foregoing are all of the admissions contained in appellant's answer. The denials following the admissions are stated as follows: "Denies generally and specifically each and every allegation in said complaint contained which is not herein specifically admitted." This general denial (for that is all it amounts to) was followed by affirmative matters in the answer, which, in substance, are: That appellant made

application to the State Engineer for the right to appropriate two and seventy-five hundredths cubic feet per second of water from Maple Canyon Creek; that he intends to use said water for irrigation and domestic purposes; that the water applied for has never been appropriated by respondents or either of them, or by any person except defendant.

After filing the foregoing answer, respondents moved for judgment on the pleadings, which motion was granted, and judgment denying appellant's application to appropriate the water applied for was duly entered.

The only question for determination is: Did the court err in entering judgment on the pleadings? Counsel for appellant insist that, in view of the denials and averments contained in the answer, the court erred in entering such a judgment. Upon the other hand, counsel for respondents insists that the answer admitted every material allegation of the complaint, and hence the court was required to enter judgment on the pleadings.

It cannot be doubted that, if the answer presented any material issue, then the court could not, without a hearing of and finding upon such issue, enter judgment. Does the answer in this case present a material issue?

In our judgment it presents not only one but a number of such issues. Counsel for respondents assumes that, because the answer admitted that certain affidavits and judgments were set forth in the complaint, therefore such admissions are tantamount to an admission of the truth of the statements contained in the matters pleaded as aforesaid. While as to some of the matters pleaded in the complaint this may be so, yet as to others this manifestly does not follow. For instance, the appellant by his denials clearly denied that he was bound by the judgment or decree set forth in the complaint. It is also in effect denied that the water sought to be appropriated had never been appropriated by respondents or by any one else. Besides this, there are other matters covered by the denials which it is not necessary to refer to now. It is sufficient to prevent a judgment

on the pleadings if the answer presented· a single material issue. (25 Cyc. 769; 11 Ency. Pl. & Pr. 1032-1033; *Widmer v. Martin,* 87 Cal. 88, 25 Pac. 264; *Martin v. Porter,* 84 Cal. 476, 24 Pac. 109; *Botto v. Vandament,* 67 Cal. 332, 7 Pac. 763; *Willis v. Holmes,* 28 Ore. 265, 42 Pac. 989).

With regard to the ultimate merits of the controversy we are not now concerned. Whether the water is open to appropriation in any view that may be taken under all the facts and circumstances as they may develop at the trial is, however, a matter upon which appellant is entitled to a hearing and findings. This is denied him by the judgment in question.

The judgment is therefore reversed, and the cause is remanded to the district court, with directions to vacate the judgment and to proceed to hear the case upon all questions put in issue by the answer. Appellant to recover costs.

McCARTY and STRAUP, JJ., concur.