## GATRELL v. SALT LAKE COUNTY

No. 6635.   Decided June 22, 1944.   (149 P. 2d 827.)

(Rehearing denied June 15, 1944.)

See 51 C. J. Quieting Title, Sec. 223 44 Am. Jur. 67.

*Cyrus G. Gatrell,* of Salt Lake City, for appellant.

*Harold E. Wallace and C. E. Henderson,* both of Salt Lake City, for respondent.

WADE, Justice.

Appeal on the judgment roll from judgment of nonsuit entered by the District Court of Salt Lake County.

Plaintiff brought suit to quiet title to certain real property. The complaint alleges that plaintiff got title to said property on January 3, 1931, by a deed from one Albert H. Bement, who was at that time the owner and entitled to possession; that plaintiff was since that date in possession and entitled to the possession of said property; that defendant claims some right, title or interest in said real property, and that

said claim is without right. By answer defendant admitted that plaintiff became the owner of said property as alleged, and that defendant claimed some interest therein, but denied that such claim was without right, and denied that plaintiff is the present owner. Plaintiff demurred generally to the answer, which demurrer was overruled. Upon trial, plaintiff elected to stand upon the admission of his ownership in the answer, and rested. Defendant moved for nonsuit upon the ground that plaintiff failed to prove that he was the owner of the property at the commencement of the action. The motion was granted, judgment of nonsuit was entered, and plaintiff appeals.

The single question presented is: When defendant admits plaintiff's allegation of ownership in 1931, but denies his present ownership, who has the burden of going forward with proof as to the present state of the title?

This question is decided by two previous cases before this court. In *Tate* v. *Rose*, 35 Utah 229, 99 P. 1003, 1006, we held:

"The allegation in the complaint that the deceased was the owner and in possession of the land at the time of his death was sufficient, if supported by proof that the title was vested in him at that time. From the allegation and proof of ownership at that time, the inference or presumption would follow that the ownership continued as alleged until the contrary was made to appear."

And in *Babcock* v. *Dangerfield et al.*, 98 Utah 10, 94 P. 2d 862, 864:

"In the present case the appellant proved a chain of title from the patentee to himself. It having been proved that title was vested in plaintiff, such condition would be presumed to exist until the contrary be shown. *Eltzroth* v. *Ryan*, 89 Cal. 135, 26 P. 647; *Parsons* v. *Weis*, 144 Cal. 410, 77 P. 1007, 1011."

Defendant admitted owenrship in plaintiff in 1931, and this obviated the necessity for plaintiff to prove this fact as a solemn admission by the adverse party is the highest form of proof. Plaintiff had proved a prima facie case,

and the burden was then upon defendant to proceed with his attack upon plaintiff's prima facie showing of title.

It follows that the trial court was in error in granting defendant's motion for a nonsuit. The court should have required defendant to proceed with its proof to show what claim it had to the real property in question, and how such claim was acquired.

Reversed and remanded for further proceedings consistent with what is said herein. Costs to appellant.

McDONOUGH, J., and WILL L. HOYT, District Judge, concur.

WOLFE, Chief Justice ( concurring).

I am unable to distinguish between a case where the allegation that plaintiff got title at a certain past date is admitted by the answer and the case where a deed delivered to him at a past date from a previous owner is admitted in evidence and plaintiff rests. Unless it can be said that the presumption of continued ownership arises only from evidence and not from an admission of that very fact there can be no difference in the basis for the presumption. Perhaps it would have been better for this court to have held that the plaintiff should at least have been required to proceed in his proof to the point of showing that he made no conveyance of the property and leave to the defendant the task of showing that the property parted from him by alverse possession, tax or foreclosure sale or bankruptcy or what not, thus not requiring the plaintiff to prove a negative in those respects. But in the case of *Babcock* v. *Dangerfield,* 98 Utah 10, 94 P. 2d 862, and *Tate* v. *Rose,* 35 Utah 229, 99 P. 1003, we held differently. I cannot see why even though present ownership is denied that an admission of a allegation should not have the same efficacy, at least as a deed admitted in evidence. Can the situation be any different as far as permitting a presumption to flow where a deed is offered and defendant admits in court that it was delivered and suggest that by such admission the offer

may be withdrawn, and the case of an admission by his pleading? It may be suggested that since the answer raises the issue of present title a presumption from the admission by answer of title residing in the plaintiff in the past runs head on into the denial of present title and is negated and destroyed. The answer is that the presumption does not rise from the pleadings so that there is at the same time a presumptive fact of present title inherent in the pleadings and a denial or issue of present title also inherent in the pleadings. The fact is that the admission simply supplies the necessity of evidence from which the presumption arises and tosses the ball over to the defendant and puts him into play to toss it back.

LARSON, Justice (dissenting).

I dissent. I think the opinion has misconceived the real question involved, and has been led off on a tangent. The opinion treats the question as one of evidence, whereas the real question is one of pleading. The statement of facts in the prevailing opinion omits mention of the real issue in the case, and the only issue made by the pleadings; it omits reference to the principal issue that is material in an action to quiet title. If the pleadings were only as indicated in the opinion it might be that the conclusion therein reached could stand. One can always sustain a conclusion if one states the facts so as to justify such conclusion. As stated in the prevailing opinion, plaintiff brought this suit to *quiet title to real property.* The hub of the controversy, the crux of the case, the principal and necessary thing for plaintiff to *allege and establish is his present ownership,* his title to the property at the time of trial or at least at the time he filed his action. *Welner* v. *Stearns,* 40 Utah 185, 120 P. 490, Ann. Cas. 1914C, 1175.

"The bill must allege that plaintiff was the owner of the land at the time suit was commenced, and a mere averment that plaintiff had title at some previous time is not sufficient." 51 C. J. 220.

If such averment is not sufficient, the admission of such averment could not make it so. And since plaintiff must allege such fact, he must prove it. Without such allegation and proof, plaintiff is simply not in court at all. In *Clark* v. *Duncanson,* 79 Okl. 180, 192 P. 806, 807, 16 A. L. R. 315, it is said:

> "Unless plaintiff has title, he has no title to quiet. In an action to quiet title, the plaintiff must allege and prove that he is the owner of either the legal title or the complete equitable title. Whether the defendant has any title is immaterial to the plaintiff unless the plaintiff has title. Plaintiff must recover on the strength of his own title, and not on the want of title in the defendant. 17 Enc. P. & Pr. pp. 326 to 331; *Mason* v. *Gates,* 82 Ark. 294 102 S. W. 190; *Spalding* v. *Hill,* 47 Okl. 621, 149 P. 1133; *Clark* v. *Holmes,* 31 Okl. 164, 120 P. 642, Ann. Cas. 1913D, 385; *Lewis* v. *Clements,* 21 Okl. 167, 95 P. 769; *Blanchard* v. *Reed* [67 Okl. 137], 168 P. [418, 664], 665."

The plaintiff must *allege* and *prove* that the title or estate on which he relies was vested in him at the time when the action was filed. *Melvin* v. *Melvin,* 8 Cal. App. 684, 97, P. 696. An allegation of ownership prior to that time is not sufficient. 44 Am. Jur. p. 64. See *Clark* v. *Holmes,* supra, with short annotation. And if such averment is not sufficient, admission of such averment would not help the matter. An admission that one had been the owner is not an admission that he now is. *Brusie* v. *Gates,* 96 Cal. 265, 31 P. 111; *Parke* v. *Brown,* 12 Ill. App. 291; 17 Enc. Pl. & Prac. 327. It is sufficient if plaintiff alleges his ownership in general terms. But the title must be proved as alleged. *United Lands Ass'n* v. *Pac. Imp. Co.,* 139 Cal. 370, 69 P. 1064, 72 P. 988, affirmed *United Land Ass'n.* v. *Abrahams,* 208 U. S. 614, 28 S. Ct. 569, 52 L. Ed. 645.

With this foundation let us look at the pleadings and issues raised. In his complaint, filed August 6, 1943, plaintiff alleged: That on the 3rd day of January, 1931, Albert H. Bement, was the owner of the property in question; that upon said date he conveyed the property to plaintiff; that ever since, plaintiff has been and now is the owner in fee; that defendant claims some interest in the land which claim

is without right; and prays for a decree quieting his title. This states a cause of action under our statute. It states more than a cause of action. It contains redundant, surplusage and unnecessary allegations. The deraignment of plaintiff's title, that is, Bement's ownership in 1931, and his conveyance that year to plaintiff were unnecessary allegations, surplusage, and no part of his cause of action. They do not destroy his cause of action, but they add nothing to it. Upon proper motion the court should have stricken them. 21 Standard Encyc. of Procedure, 1013; *Millett* v. *Lagomarsino,* 4 Cal. Unrep. Cas. 883, 38 P. 308; *City of Lafayette* v. *Wabash Ry.,* 28 Ind. App. 497, 63 N. E. 237; *Schlageter* v. *Gude,* 30 Colo. 310, 70 P. 428; *Mascall* v. *Murray,* 76 Or. 637, 149 P. 517. In actions to quiet title, plaintiff must recover upon the strength of his own title. It is therefore unnecessary for defendant in his answer to do more than deny plaintiff's title. Bancroft Code Pldg. Vol. 4 Para. 2189. *United Land Ass'n.* v. *Pac. Imp. Co.,* supra; *Pennie* v. *Hildreth,* 81 Cal. 127, 22 P. 398; *Butterfield* v. *Graves,* 138 Cal. 155, 71 P. 510. And where possession by plaintiff is essential, a denial of that allegation alone constitutes a good answer. *Pierce* v. *Thompson,* 26 Kan. 714; *Redd* v. *Murray,* 95 Cal. 48, 24 P. 841, 30 P. 132; *Buffalo Land & Exploration Co.* v. *Strong,* 91 Minn. 84, 97 N. W. 575.

By way of answer defendant admitted the immaterial, redundant, and unnecessary allegation that in 1931 Bement, the owner, conveyed the land to plaintiff, and positively and directly denied plaintiff's allegation that ever since 1931 he had been the owner, and denied that at the time of the commencement of the action, and at the time of filing answer, plaintiff was the owner of the property, in possession thereof, or entitled to the possession thereof. This denial raised a question of fact on a material issue,—in fact it made an issue on the very heart of plaintiff's right to relief; it put in issue the primary element of plaintiff's cause of action. A denial of any material allegation of a complaint is sufficient to raise an issue. *Bacon* v. *Rice,* 14 Idaho 107, 93 P. 511; *Sklower* v. *Abbott,* 19 Mont. 228, 47 P. 901;

*Pierce* v. *Thompson,* supra. A denial of plaintiff's present title is sufficient. *United Land Asso.* v. *Pac. Imp. Co.,* supra; *Johnston* v. *Baker,* 167 Cal. 260, 139 P. 86; 51 C. J. 233. Without establishing this fact, thus raised and put in issue, plaintiff has no standing and cannot prevail regardless of the state of pleadings or proof on other issues. Plaintiff concedes this point, and I understand the prevailing opinion does not question it. But the contention is made that such proof was supplied by the pleadings; that defendant admitted plaintiff's present ownership and right to possession. *By what legerdemain can it be said that one admits that which he definitely and positively denies?* The rule is well settled that a defendant admits all facts properly and well pleaded in the complaint which he does not deny or to which he does not otherwise plead. 41 Am. Jur. 431 and 435, and case cited. But no authority holds that he admits that which he definitely denies. Nor does the admission of an immaterial matter amount to the admission of another matter which is material. And every material fact which is denied in the answer must be made the subject of proof—of evidence. It cannot be inferred from other statements in the pleadings. *Ganor* v. *Hinrichs* (Hoegerle's Appeal), 2 Pa. Super. 522; *Parke* v. *Brown,* supra. In 51 C. J. p. 243 the rule is stated thus:

> When plaintiff's title is put in issue by the answer, he must prove the legal or equitable title in himself, or at least that he has some interest in the land in controversy superior to that of the defendant." *Redd* v. *Murry,* 95 Cal. 48, 24 P. 841, 30 P. 132; *McKay* v. *Silleman,* 84 Colo. 220, 269 P. 901; *Clark* v. *Huff,* 49 Colo. 197, 201, 112 P. 542.

And where plaintiff's title is controverted by plea, he must show that title was in him at the time of commencement of the suit. *Atkinson* v. *Shelton,* Tex. Civ. App., 160 S. W. 316; and even where defendant alleges title in himself and asks to have it quieted the plaintiff must still prove his title.

A denial in the answer of a material allegation of the complaint is not obviated or taken out of issue, so as to

dispense with proof thereon, by the allegation of a fact inconsistent with the denial in another part of the answer. *Hamlen* v. *Rednalloh Co.*, 291 Mass. 119, 197 N. E. 149, 99 A. L. R. 1230; *Livesay* v. *First Nat. Bank,* 36 Colo. 526, 86 P. 102, 6 L. R. A., N. S., 598, 118 Am. St. Rep. 120. To avail oneself of admissions not responsive to the material allegations of the pleadings, the party relying upon them must put them in evidence to give the other party an opportunity to explain them. *Leathers* v. *Blackwell Durham Tobacco Co.,* 144 N. C. 330, 57 S. E. 11, 9 L. R. A., N. S., 349. A pleader is not bound beyond the reasonable import of his admissions, especially where inconsistent with other averments or denials in the pleading. *Davis* v. *Minnesota Baptist Convention,* 45 Wyo. 148, 16 P. 2d 48; Livesay case, supra; 41 A. J. p. 436. Nor is a pleader bound by legal inferences if such inferences are repugnant to the true legal conclusions to be drawn from the state of facts evidenced by the same pleading. *Salem* v. *Lane & Bodley Co.,* 189 Ill. 593, 60 N. E. 37, 82 Am. St. Rep. 481; *St. Joseph, etc., R. Co.* v. *St. Louis, I. M. & S. R. Co.,* 135 Mo. 173, 36 S. W. 602, 33 L. R. A. 607; 41 Am. Jur. 436; *Botto* v. *Vandament,* 67 Cal. 332, 7 P. 753; *Nudd* v. *Thompson,* 34 Cal. 39; *Thomas* v. *Ray,* 48 Colo. 423, 110 P. 77. And especially is that true where the statement claimed to be inconsistent with the denial is merely an admission of an immaterial allegation in the complaint. If the position taken in the prevailing opinion is correct, defendant would be under the necessity of denying in his pleadings matter of public record in order to make effective a denial of the real issuable question in the case. Under the rule laid down in the prevailing opinion if plaintiff in an action to quiet title pleaded that in 1848 the government of the United States issued its letters patent to John Doe, and that John Doe is a predecessor in interest of plaintiff, the admission by defendant that such letters patent were issued, would obviate proof by plaintiff of his present ownership, even where such present ownership was specifically denied.

When the case was called for trial, plaintiff stated that he would offer no evidence but would stand upon the admissions in the answer and rested. This was nothing more or less than a motion for judgment on the pleadings. *Smith* v. *Faust,* 1 Utah 90, 39 P. St. Rep. 90; *Daily* v. *Marshall,* 47 Mont. 377, 133 P. 681; *Illinois Cent. Ry Co.* v. *Adams,* 180 U. S. 28, 21 S. Ct. 251, 45 L. Ed. 410. Every reasonable intendment in favor of the pleading and against the motion will be indulged. Unless it clearly appears that no issue is raised by the pleadings, such motion will be denied. *Davenport* v. *Burke,* 27 Idaho 464, 149 P. 511; *Giles Lithographic & Liberty Printing Co.* v. *Recamier Mfg.,* 15 N. Y. St. Rep. 354; *Peck* v. *First Nat. Bank,* 50 Okl. 252, 150 P. 1039. The question is not who has the burden of proof, but who upon the facts pleaded and not denied should receive judgment? *Boldt* v. *First Nat. Bank,* 59 Neb. 283, 80 N. W. 905. When plaintiff without evidence asks judgment upon the ground that the answer admits or leaves undenied all the material facts stated in the complaint, it is a motion for judgment on the pleadings regardless of its form. 23 Cyc. 769; *Finley* v. *Tuscon,* 7 Ariz. 108, 60 P. 872; *Botto* v. *Vandament,* 67 Cal. 332, 7 P. 753; *Amador County* v. *Butterfield,* 51 Cal. 526, 17 P. St. Rep. 526; *Steinhauer* v. *Colmar,* 11 Colo. App. 494, 55 P. 291; *Shattuc* v. *McArthur,* C. C., 25 F. 133; 49 C. J. 670, 51 C. J. 247; *Alton Marine & Fire Ins. Co.* v. *Buckmaster,* 13 Ill. 201; *Wheeler* v. *Winnebago Paper,* 62 Minn. 429, 64 N. W. 920; *Espinoso* v. *Gregory,* 40 Cal. 58, 13 P. St. Rep. 58. And plaintiff is not relieved of proving title in himself by the fact that the allegation of title is not denied in the answer. *Glos* v. *Kemp,* 192 Ill. 72, 61 N. E. 473; 51 C. J. 248.

Such a motion does not present or raise any question of evidence or sufficiency of proof but raises only a question of pleading. It presents the sole point that there is no issue raised by the pleadings; that the answer does not traverse or put in issue any material allegation of the complaint. Such a motion is somewhat in the nature of a demurrer for the reason that it attacks the sufficiency of the other party's

pleadings, to present an issue to be tried. *Coburn* v. *Bartholomew,* 50 Utah 566, 167 P. 1156; *Oliphant* v. *Crane,* 70 Okl. 38, 172 P. 1073. It is also a motion because it is an application for a judgment. Such motion admits the truth of all facts well pleaded by the opposing party; and also admits the untruth of one's own allegations in so far as they have been controverted. *Deaver* v. *Patterson,* 119 Wash. 375, 205 P. 1044; *Mammoth City* v. *Snow,* 69 Utah 204, 253 P. 680; *Coe* v. *Bennett,* 39 Idaho 176, 226 P. 736; *Idaho Placer Min. Co.* v. *Green,* 14 Idaho 294, 94 P. 161; *Taylor* v. *Campbell,* 139 Okl. 110, 281 P. 243; *Walling* v. *Brown,* 9 Idaho 184, 72 P. 960; *Mills Novelty Co.* v. *Dunbar,* 11 Idaho 671, 83 P. 932. Where plaintiff submits the case on the pleading without evidence, the admissions and denials in the answer are to be taken as true. 49 C. J. 670; *Schwab* v. *Richardson,* 188 Cal. 27, 204 P. 396; *McCarthy* v. *Heiselman,* 140 App. Div. 240, 125 N. Y. S. 13; *Dorsey* v. *Dorsey,* 140 Md. 167, 116 A. 915. A judgment should not be rendered for plaintiff where any material issue of his complaint is denied by the answer. *Town of Mapleton* v. *Kelly,* 39 Utah 252, 117 P. 52; *Willis* v. *Holmes,* 28 Or. 265, 42 P. 989. Plaintiff is entitled to such judgment only where defendant's admission is distinct, unequivocal, and unconditional, and it is clear that no issue of fact is to be tried. 34 C. J. 143. Such motion cannot be granted if there is any issue of fact presented by the pleading. *Reich* v. *Rebellion S. M. Co.,* 3 Utah 254, 2 P. 703; *Iba* v. *Central Ass'n,* 5 Wyo. 355, 40 P. 527, 42 P. 20; 14 Stand. Encyc. of Proc. 728 and cases cited. Although a denial could not withstand a demurrer for uncertainty, still if it raises an issue, it is sufficient to defeat judgment on the pleadings. *Chester* v. *Field,* 87 Cal. 422, 25 P. 493; *Willson* v. *Colorado & S. R. Co.,* 57 Colo. 303, 142 P. 174; *Pecha* v. *Kastl,* 64 Neb. 380, 89 N. W. 1047. In an action to quiet title to real estate, a denial of plaintiff's present title precludes the entry of judgment on the pleadings. *Larson* v. *Christiansen,* 14 N. D. 476, 106 N. W. 51. If as a matter of pleading, there is an issue raised on any material issue, plaintiff must lose on such motion; and unless

he then receives permission of the court to proceed and offer evidence, judgment must be entered against him. If the answer raises a single material issue, a judgment on the pleadings cannot be granted. *Town of Mapleton* v. *Kelly*, supra, is a case where the same strategy as here used was employed. When, therefore, plaintiff stood upon the pleadings he took the position that there was no issue raised by the pleading upon which proof should or in fact could be made. In this he was in error and we held the trial court was correct in denying his motion. In *Bowles* v. *Doble*, 11 Or. 474, 5 P. 918, 921, the court said:

"A party to an action will necessarily, when it comes on for trial, be entitled to any advantage in his favor in consequence of defects in his adversary's pleading, but there is no such procedure eo nomine as a motion for judgment on the pleadings. The objection to such a practice is that it is not in harmony with the spirit of the Code. Its tendency is to deprive a party of a substantial right by a mere defect in his pleading that could be cured by an amendment, and which should never be permitted by a court at nisi prius. I can imagine no more serious abuse of justice than the toleration of a kind of technical, stray practice that sacrifices substance to form." Approved in *Currie* v. *Southern Pac. Co.*, 23 Or. 400, 31 P. 963.

Since plaintiff made no effort to, and in fact declined to, submit evidence, the trial court correctly granted defendant's motion for nonsuit. Had defendant submitted the case on the merits by resting, it would have been entitled to a final judgment on the merits.

MOFFAT, J., deceased.