[No. 13248. Department One. — June 11, 1890.]

A. D. MARTIN, ASSIGNEE, ETC., RESPONDENT, v. HOW-
ARD B. PORTER, APPELLANT.

REPLEVIN BY ASSIGNEE OF INSOLVENT DEBTOR. — The assignee of an in-
solvent debtor cannot maintain an action of claim and delivery against
the insolvent to recover personal property which never belonged to the
insolvent, and which he never possessed, or refused to deliver to the
assignee.

ID. — JUDGMENT ON PLEADINGS — DISCLAIMER BY INSOLVENT — SUFFICIENCY
OF ANSWER. — An answer of the insolvent in such action, disclaiming
and denying that he was ever the owner, or in possession of or entitled
to the possession, of the property claimed, or ever withheld it, or refused
to deliver it to plaintiff, raises material issues, which will preclude a
judgment on the pleadings in favor of the assignee.

ID. — JUDGMENT FOR POSSESSION ONLY — APPEAL BY INSOLVENT — "PARTY
AGGRIEVED" — COSTS. — A judgment rendered upon the pleadings in
such action, in favor of the assignee, for possession of the property claimed,
without costs, or an alternative judgment for value, may be appealed
from by the insolvent, as a "party aggrieved," notwithstanding his dis-
claimer of all interest in the property sued for, since, if the denials of his
answer were sustained, he would be entitled to judgment that the plain-
tiff take nothing, and that defendant recover his costs.

APPEAL from a judgment of the Superior Court of
Modoc County.

The facts are stated in the opinion.

*Spencer & Raker,* and *C. A. Raker,* for Appellant.

Replevin will not lie against a defendant not in pos-
session by himself or agent. (Code Civ. Proc., sec. 512;
Wells on Replevin, secs. 134, 135; *Hawkins* v. *Roberts,* 45
Cal. 39; *Richardson* v. *Reed,* 4 Gray, 441; 64 Am. Dec.
77; *Grace* v. *Mitchell,* 31 Wis. 533; 11 Am. Rep. 613;
*Berthord* v. *Fox,* 14 Minn. 501; *Myers* v. *Credle,* 63 N. C.
504.) It is a defense to show that a third person is en-
titled to possession, as against both plaintiff and defend-
ant. (*Bolander* v. *Gentry,* 36 Cal. 105; 95 Am. Dec. 162.)
Defendant could prove that the property belonged and
was in the possession of a third person, under the an-
swer in this case, and he is entitled to a judgment if he

establishes such defense. (*Griffin* v. *Long Island R. R. Co.*, 101 N. Y. 348; *Woodworth* v. *Knowlton*, 22 Cal. 169; *Lane* v. *Sparks*, 75 Ind. 278; *Frich* v. *Caler*, 21 Cal. 71; *Waldman* v. *Broder*, 10 Cal. 379; 8 Wait on Actions and Defenses, 455.) It is a sufficient defense that the right of property is not in the plaintiff. (*Spores* v. *Boggs*, 6 Or. 122.) The plaintiff was not entitled to judgment on the pleadings, as the answer denied every material allegation in the complaint. (*Nudd* v. *Thompson*, 34 Cal. 39; *Botto* v. *Vandament*, 67 Cal. 333; *Johnson* v. *Garlick*, 25 Wis. 705; *Quincy* v. *Hall*, 1 Pick. 357; 11 Am. Dec. 198.) The plaintiff was entitled to no judgment, and judgment must be for defendant, for his costs, since plaintiff failed to prove his case. , (*Spores* v. *Boggs*, 6 Or. 122; *Capital Lumber Co.* v. *Hall*, 10 Or. 205; Code Civ. Proc., sec. 581, subd. 5, 1024, 1869, 1981.)

*Jenks & Claflin*, for Respondent.

The appellant is not a party aggrieved by the judgment awarded. (*People* v. *Wilson*, 26 Cal. 128; *Hibernia S. & L. Soc.* v. *Ordway*, 38 Cal. 679; *People* v. *Pfeiffer*, 59 Cal. 89.) The judgment on the pleadings was proper. (*Doll* v. *Good*, 38 Cal. 287; *Young* v. *Miller*, 63 Cal. 302; *Loveland* v. *Garner*, 74 Cal. 298; *Sayward* v. *Warren*, 27 Me. 453.)

Belcher, C. C.— This is an action of claim and delivery. The complaint alleges that on the tenth day of October, 1888, the defendant, Howard B. Porter, filed in court his petition in insolvency, and thereafter such proceedings were had that plaintiff was duly appointed his assignee, and qualified as such, and thereupon the clerk of the court duly assigned to him all the estate, real and personal, of the insolvent debtor; "that at the time of filing said petition said defendant was, and long prior thereto had been, and still is, the owner and in possession of a certain quantity of hay, to wit, one hundred and

twenty tons, of the value of seven dollars per ton"; that, by virtue of the proceedings and assignment, plaintiff has become and is entitled to the possession of the hay, and has demanded of defendant the possession thereof, but defendant wrongfully and unlawfully withholds possession, and refuses to deliver the hay, or any part thereof, to the plaintiff.

The defendant demurred to the complaint, and his demurrer being overruled, answered. The answer denies that defendant is, or ever was, at any of the times named in the complaint, the owner, or in the possession or entitled to the possession, of the hay sued for, or any part thereof, and it disclaims, on the part of defendant, "any title to or interest in said hay in any way or to any extent whatsoever, or any right or title to the possession thereof, during any of the time or times alleged in the complaint, or at all." It further denies that plaintiff is entitled to the possession of the hay, or that defendant ever withheld possession or refused to deliver possession thereof to him.

The plaintiff moved for judgment on the pleadings upon the grounds, — 1. That the answer did not state facts sufficient to constitute a defense; 2. That it did not raise any material issue; 3. That the defendant disclaimed any right, title, or interest in the property sued for. The court granted the motion, and the appeal is from the judgment thereupon entered.

1. The theory on which the action was brought evidently was, that the defendant was the owner of the hay in question at the time he commenced his proceedings in insolvency, and had wrongfully omitted it from his schedule, and that the title to the hay vested in the plaintiff, under the assignment made to him by the clerk, and that he thereby became entitled to demand and recover its possession.

The complaint was somewhat crudely drawn. It alleges the assignment, and then that the defendant *still*

*is* the owner, etc.   These averments are conflicting and antagonistic; for if the defendant was still the owner, the plaintiff evidently was not.  (*King* v. *Felton*, 63 Cal. 67.)   Assuming, however, that the complaint was sufficient, when tested by a general and special demurrer, and that the plaintiff had a right to resort to an action of this kind, and was not confined to the remedy provided in section 47 of the Insolvent Act (*Goodday* v. *Superior Court*, 65 Cal. 580), still he was not entitled to recover, unless the material averments of the complaint were either admitted or proved to be true.   We think the answer raised material issues.   It denied that the defendant was ever the owner  or in possession or entitled to the possession, of the hay, or ever withheld it, or refused to deliver it to the plaintiff; and if this was so, then clearly the plaintiff had no right to sue for and recover it.

Under these circumstances, the plaintiff was not entitled to a judgment on the pleadings, the rule being settled that "it is only where an answer admits or leaves undenied the material facts stated in the complaint that a judgment can be rendered on the pleadings." (*Botto* v. *Vandament*, 67 Cal. 332.)

2. The judgment was, that the "plaintiff do have and recover of and from the defendant the possession of all the personal property described in the complaint, to wit, one hundred and twenty tons of hay." No costs were awarded the plaintiff, and the judgment was not in the alternative form.   It is claimed, therefore, for respondent, that the defendant was in no way "aggrieved" by the judgment, and hence had no right to appeal from it. This claim cannot be sustained.   If the case had been tried, and the denials of the answer sustained, the proper judgment would have been, that the plaintiff take nothing, and that defendant recover his costs.   Having been brought into court against his will, and required to contest the case, the defendant should not be turned out without

his costs, if the plaintiff failed to show that he was entitled to recover.

The judgment should be reversed, and the cause remanded for a new trial.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded for a new trial.