[Civ. No. 4994. Second Appellate District, Division One.—February 17, 1928.]

FRED G. ESSIG, Appellant, v. PERCY SEAMAN, Respondent.

Tobias R. Archer for Appellant.

R. A. Ramey for Respondent.

YORK, J.—This is an appeal by plaintiff from an order of the superior court granting a motion made by defendant and respondent to vacate a default entered against him and setting aside a judgment rendered on such default.

The action was commenced September 11, 1924. Summons was issued thereon and served on defendant on September 25, 1924. On October 7, 1924, the defendant not having answered or appeared except to move to dissolve the attachment, defendant's default was duly entered, and, as the action was for liquidated damages, judgment was duly entered in favor of plaintiff and appellant for the amount prayed for in his complaint. Defendant, on October 14, 1924, served and filed a notice of motion to vacate such default and set aside said judgment and filed therewith affidavits and a verified answer which he asked permission to file. Plaintiff filed affidavits in reply, and defendant filed another affidavit in reply to plaintiff's affidavits. After hearing on said motion the court granted the same and vacated said default and set aside said judgment and recalled an execution which had theretofore been issued thereon.

The showing upon which the court granted said motion was, that the defendant after service of the summons and complaint "at once" mailed the same to his attorney by special delivery, and his attorney had been instructed "to do whatever might be necessary to protect his interests," and did not further communicate with his attorney until after default had been entered—that the attorney received the summons and complaint from defendant by mail on the 27th of September, 1924; that about the 30th of September, 1924, said attorney called at the defendant's "former employer's," and made inquiries as to the whereabouts of the defendant in an effort to have defendant verify the answer which he had prepared; that he again called at the same place and made inquiries of "former fellow-employees of the former employer, but was unable to get any information"; that he had instructed defendant to be present in

court on October 6, 1924, when a motion was to be heard to dissolve the attachment that had been issued and levied in said action "but the said defendant was not present"; that he located him at a hotel on October 7th. Defendant had verified an affidavit which was used on the hearing of the last-mentioned motion on October 6th, which motion was argued in his absence one day before the default was entered. His affidavit showed that he had knowledge of the filing of the complaint and its contents before the service of the summons and complaint. He was evidently intending to avoid making a general appearance in the case, yet he asked the court to find that the indebtedness was secured by a mechanic's lien. With his motion to set aside the default and judgment, defendant filed two affidavits of merits, one by himself and the other by his attorney. The affidavit made by defendant is deficient in that it does not show that the opinion of his attorney was founded on a statement to him of the facts of the case, and the affidavit of the attorney is deficient in that his belief that defendant has a good and meritorious defense to plaintiff's complaint does not appear to be founded upon a knowledge of the facts of the case. As to the answer filed with the motion, it is defective in that the plaintiff alleges in his verified complaint specific facts which are first met with a denial of the indebtedness which was a legal conclusion only, and then follows a statement of facts that prior to said —— day of August, 1924, defendant was indebted to plaintiff "the exact amount he is unable to state," and that on that day he was the owner of an automobile encumbered for "about $800," and plaintiff accepted the automobile subject to the encumbrance in full payment, settlement and satisfaction of the whole of the indebtedness of the defendant to plaintiff. Counter-affidavits were filed by plaintiff, denying specifically the allegations of said answer, but it was for the trial court to find what the facts were. In a statement of plaintiff in his affidavit, not denied, he said: "On October 2, 1924, said truck was taken from the possession of affiant in the claim and delivery action No. 153741 in this Court."

In his motion to release the attachment, which is a part of the transcript on appeal, defendant filed an affidavit in which he stated that he was the owner of the truck on Au-

gust 12, 1924, and that it was worth $2,000, and that it had not diminished in value, and that it was in plaintiff's possession and held by him on his claim of lien. This affidavit was verified by defendant on the twenty-third day of September, 1924, and filed on the second day of October, 1924. No mention was made in this affidavit about his having sold the truck to the plaintiff. An affidavit made by George E. Bittinger, not denied, states that the automobile was the property of the Mortgage Discount Company, which company had entered into a contract with defendant to sell it to him, and that there was due on this contract of sale about $851, exclusive of interest. In defendant's affidavit in reply to plaintiff's affidavit, he says plaintiff knew that the Mortgage Discount Company was the legal owner of the automobile. Without reviewing all the affidavits, it appears that the defendant does not claim that there was any mistake either of fact or law, or inadvertence or surprise. The question, therefore, for the superior court to decide was whether the default was taken against the defendant through his excusable neglect, and whether, if there was excusable neglect, there was such a showing of merits as justified the court in exercising its discretion in granting defendant's motion. Although appellate courts have been loath to reverse the action of the trial courts in their exercise of discretion in such matters, there must be some restraint upon a too liberal exercise of that jurisdiction.

In the exercise of its discretion a court cannot ignore a statutory law or hold any of its provisions meaningless.

Unbridled discretion is dangerous. The exercise of discretion by optimists is very likely to be different from the exercise of discretion by pessimists. "It is different in different men, and in the same man it is not always the same." It is not to be exercised *ex gratia*. (*Bailey* v. *Taaffe*, 29 Cal. 423.)

The showing in this case establishes inexcusable neglect. The defendant knew the suit was pending and what allegations of the complaint he would have to meet even before the summons and complaint were served on him. He knew that he was required to plead within ten days of the time of service. His attorney knew that the 6th of October was at least his last day to answer the

complaint, and that he would be in default if he did not plead by that time, and on that day he was in court presenting a motion to dissolve an attachment therein. He knew, or should have known, that if he did not want to verify the complaint as defendant's attorney that he could have obtained an extension of time to plead, and knowing these facts, he did not ask for an extension of time to plead, and permitted the defendant to default.

We are aware that the supreme court has held to a liberal policy in sustaining the granting or refusing to grant an order relieving a party from default. The rule is well established that the appellate court should not interfere with the order of the superior court in such cases except where it appears that there has been an abuse of discretion. (*Ingram* v. *Epperson,* 137 Cal. 370 [70 Pac. 165]; *Alferitz* v. *Cahen,* 145 Cal. 397 [78 Pac. 878]; *Melde* v. *Reynolds,* 129 Cal. 309 [61 Pac. 932]; *Waite* v. *Southern Pacific Co.,* 192 Cal. 467 [221 Pac. 204].) In the last cited case it was held that the defendant's counsel was acting under a mistake of law and for that reason the default should have been set aside. In other words, that there was an abuse of discretion by the trial court in refusing to set aside the default. The case most nearly in point in consideration of this appeal is that of *Bailey* v. *Taaffe, supra.* In that case an order setting aside a default was reversed, and the counter-affidavits, undisputed, were considered. In that case the supreme court, speaking through Justice Sanderson, said: "The relief sought is asked solely on the score of excusable neglect; and upon that subject all that is said is in substance that on account of the complicated condition of the defendants' title, and from the fact that the complaint was verified, more time was required to prepare the answer than is required in ordinary cases, and that during a portion of the time allowed for answering, the attorney employed to conduct the defense was compelled to be absent from town. But so far as all this tends to establish a legal excuse, it is completely and conclusively answered by the fact that no reason is given why, if more time was required, either on account of the complications suggested, or on account of the necessary absence of counsel, an application to opposite counsel, or if denied by him, to the court, for an

extension of time was not made." And in the case at bar it could have been said as the court said in that case: "There is no pretense that an opportunity to make the application was, from any cause, not afforded."

The contradictory position taken by the defendant in his affidavit to release the attachment and in his answer which he asked permission to file on his motion to vacate the default and in his affidavit made on October 18, 1924, made in reply to plaintiff's affidavit, should not have appealed to the trial court in its exercise of its discretion. In his affidavit which defendant verified on September 23, 1924, he alleged that he was the owner of the automobile in question, and that plaintiff's claim against him was secured by a lien thereon. In the answer he alleged that he had sold and transferred the automobile to plaintiff and plaintiff had taken it in full satisfaction of his indebtedness to plaintiff in August, 1924, and in his last affidavit he alleged that he was led to believe and did believe that plaintiff was holding the same for the full sum of his indebtedness to plaintiff. Those statements cannot all be true. If his statement in his first affidavit that he was the owner of the automobile on September 23, 1924, when the affidavit was made and when he presented it to the court on the sixth day of October, 1924, and that his indebtedness to plaintiff was secured by a lien thereon, was true, it cannot be true, as stated in his answer, that his indebtedness to plaintiff had been settled and discharged prior to the commencement of the action. How can allegations in his answer be reconciled with his statement in his last affidavit that he believed the plaintiff was holding the automobile for the full amount of his indebtedness to plaintiff?

Defendant's inexcusable neglect in failing to plead to plaintiff's complaint under the circumstances did not entitle him to the exercise of the court's discretion in his behalf, and the order of the court vacating the default and setting aside the judgment was an abuse of the court's discretion.

It is therefore ordered that the order vacating the default and setting aside the judgment be and the same is hereby reversed.

Conrey, P. J., concurred.

HOUSER, J., Dissenting.—I dissent. I cannot agree to what is inferentially expressed in the prevailing opinion regarding either the necessity for an affidavit of merits, as such, or the effect of the answer of defendant in that connection. Although attention is not directed to any statute which by its terms requires that on a motion to vacate a judgment taken by default an affidavit of merits is necessary, the practice seems to be well settled that either an affidavit of merits or its equivalent be on file at the time the hearing on the motion is had.

In the case of *Sampanes* v. *Chazes,* 54 Cal. App. 612 [202 Pac. 462], it is held that on a motion for an order setting aside a default judgment, a sworn answer positively denying the material allegations of the complaint is a sufficient affidavit of merits. To the same effect is *Fulweiler* v. *Hog's Back Consolidated Mining Co.,* 83 Cal. 126 [23 Pac. 65]. *Montijo* v. *Sherer & Co.,* 5 Cal. App. 736, 739 [91 Pac. 261], was similar to the instant case in its facts with reference to defects appearing in the affidavit of merits, as well as in the circumstance that an answer was filed with a motion to vacate the judgment. The court said: "Neither of the affidavits filed contains a showing that alone would be sufficient as an affidavit of merits, but the verified answer denies every material allegation of the complaint. This has been held sufficient too often by the supreme court to be considered an open question (citing authorities)."

In *Savage* v. *Smith,* 170 Cal. 472, 474 [150 Pac. 353], it is said: "The further objection that there was no affidavit of merits is met by the consideration that a verified answer setting forth a defense to the cause of action alleged in the complaint was actually on file at the time the notice was served. That such verified answer meets all the requirements of an affidavit of merits is, of course, well settled (citing authorities)."

See, also, *Reher* v. *Reed,* 166 Cal. 525 [Ann. Cas. 1915C, 737, 137 Pac. 263]; *Melde* v. *Reynolds,* 129 Cal. 308 [61 Pac. 932]; *Merchants' Ad-Sign Co.* v. *Los Angeles etc. Co.,* 128 Cal. 619 [61 Pac. 277]; *Brasher* v. *White,* 53 Cal. App. 545 [200 Pac. 657]; *Reidy* v. *Scott,* 53 Cal. 69— the last-cited case in effect holding that an answer may be

used *in aid of defective averments* contained in an affidavit of merits.

In the prevailing opinion herein that part of the answer of defendant wherein he denies the indebtedness on which the action was brought is criticised for the reason that such denial "was a legal conclusion only." If it be conceded that the denial of defendant in his answer that "he is indebted to the plaintiff" constitutes but a conclusion of law, nevertheless the language used in such denial substantially follows in part the allegation found in the complaint, to wit: that "defendant became and is indebted to said plaintiff . . . for goods . . . sold and delivered." It has been held that an allegation that a specified sum "is now due and owing," although constituting a conclusion of law, is sufficient to support a judgment. (*Penrose* v. *Winter*, 135 Cal. 289 [67 Pac. 772], overruling *Ryan* v. *Holliday*, 110 Cal. 337 [42 Pac. 891]. See, also, *Frisch* v. *Caler*, 21 Cal. 71.) However, the rule as announced in 31 Cyc., page 52, is that while in some cases a pleading which is made up partly of conclusions of law, instead of averments of facts, is not fatally defective, the more general rule is to the contrary (citing authorities). But in that regard, whatever may be the correct principle of pleading, it is clear that when the language contained in the answer follows that of the complaint, the plaintiff cannot be heard to complain that his allegation (whatever its effect) remains unanswered. As is stated in volume 1, page 257, of Sutherland on Code Pleading: "Where the allegation of the complaint is couched in the form of a conclusion of law a denial in the same form will be permissible and is efficient for all purposes."

It will further be noted that in the prevailing opinion herein the invalidity of the answer is also suggested because allegations in parts of the answer were inconsistent with certain statements appearing in affidavits theretofore filed by defendant. An examination of the clerk's transcript on the appeal discloses the fact that the inconsistencies to which attention is directed occur in an affidavit or affidavits made by defendant, not in his motion for an order to vacate the judgment, but in an entirely separate and independent proceeding in the action, to wit, a motion to dissolve an attachment therein. It would therefore seem that, conceding the

fact that such inconsistencies existed, they had no place, as such, in a proper determination of the sufficiency of an affidavit of merits. But even had the inconsistencies to which reference is had appeared in the answer itself, it is well settled that inconsistent defenses may be pleaded, and that when that course is pursued, neither of such defenses may be used as an admission to destroy the other. (21 Cal. Jur., p. 134; 31 Cyc., pp. 147, 211.) It has been ruled in several cases that the fact that a pleading contains inconsistent counts or defenses, as, for example, where an answer in one part admits that which is denied in another, furnishes no ground for a judgment on the pleadings.

The syllabus in *Botto* v. *Vandament,* 67 Cal. 332 [7 Pac. 753], is as follows: "A judgment on the pleadings is not authorized if the answer deny the material allegations of the complaint, although in a special defense separately stated the allegations formerly denied are admitted."

To the same effect are: *Amador County* v. *Butterfield,* 51 Cal. 526; *Cass* v. *Rochester,* 174 Cal. 358 [163 Pac. 212]; *Nudd* v. *Thompson,* 34 Cal. 39. See, also, *Martin* v. *Porter,* 84 Cal. 476 [24 Pac. 109]; *Banta* v. *Siller,* 121 Cal. 414 [53 Pac. 935]; *Snipsic* v. *Smith,* 7 Cal. App. 150 [93 Pac. 1035].

It therefore becomes apparent that to all intents and purposes the answer of defendant herein was a sufficient compliance not only with the express requirements of the provisions of section 473 of the Code of Civil Procedure requiring the filing of an answer with the motion to vacate a judgment, but that as well, according to the established practice, the answer met the judicial requirement that an affidavit of merits or its equivalent be filed either at the time the motion was noticed for hearing, or at least be on file at the time when the motion was actually made.

The remainder of the instant appeal depends upon what force is to be accorded the decision of the trial judge in his ruling on the motion to vacate the judgment. It is universally conceded that the determination of a matter of the character of that before the trial court rests within the sound discretion of the trial judge. It is likewise clear that only where such discretion has been *grossly abused* will the conclusion reached by the trial court be disturbed by an

appellate court—from which it follows that merely because from the facts in the case the justices of the appellate court would have reached a conclusion different from that reached by the trial court affords no reason for reversing the judgment. In order that the appellate court be justified in directing a reversal of the order made by the trial court, it is necessary that no substantial foundation exist either in fact or in law for the conclusion and consequent judgment which is under attack. The facts upon which the trial court herein apparently acted were that in the steps preliminary to a consideration by the court of the motion to vacate the judgment, as a matter of law the requirements of the statute and the accepted practice were fully met by the defendant; that the defendant personally had no actual knowledge of the necessary procedure, but had entrusted the entire matter of his defense to an attorney at law; that as shown by the affidavit of such attorney, several days preceding the last day on which the answer of defendant could be filed within the time allowed by statute, the answer of defendant had been prepared; that within such time and on two separate occasions for the purpose of having defendant verify the answer, the attorney had personally called at the place of defendant's former employers and there made inquiry of such employers, as well as of former fellow-employees of defendant, as to the whereabouts of defendant, but was unable to obtain any information with reference thereto; that within such time the attorney had instructed defendant to be present in court at the hearing on the motion to dissolve the attachment levied in the action, but that defendant was not present; that on the day following the attorney located defendant in a hotel where he was rooming, but at that time the default of defendant for failure to answer the complaint had been taken.

The following language occurs in the course of the opinion in *Downing* v. *Klondike M. & M. Co.*, 165 Cal. 786, 788 [134 Pac. 970]: " . . . Where the court has opened a default and placed the cause in a condition for trial on the merits, an appellate tribunal is slow to interfere with the discretion therein exercised, even when the showing made in support of the motion is not of the strongest character (citing authorities). . . . "

The record herein shows that the default of defendant for failure to answer the complaint was taken on the very first available day, and that the motion to vacate the judgment was filed within one week following the date when the judgment was rendered.

Having application to a situation such as is here presented, it is said in *Berri* v. *Rogero*, 168 Cal. 736, 740 [145 Pac. 95]: " . . . The law does not favor snap judgments. The policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party who, regardless of the merits of his case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary. Where a party in default makes seasonable application to be relieved therefrom, and files an affidavit of merits alleging a good defense, and the plaintiff files no counter-affidavit and makes no showing that he has suffered any prejudice or that injustice will result from the trial of the case upon its merits, very slight evidence will be required to justify a court in setting aside the default. . . . "

And the same thought is repeated in part in the case of *County of Los Angeles* v. *Lewis*, 179 Cal. 398, 401 [177 Pac. 154], as follows: " . . . It is only in a very plain case of abuse of discretion that this court will disturb the action of the trial court in a matter of this character, especially where the relief is granted and the application therefor is made as promptly as it was in this case."

In such a state of facts, and considering the law applicable thereto, I am unable to concur with my associates in their conclusion that the defendant was guilty of "inexcusable neglect," and that "the order of the court vacating the default and setting aside the judgment was an abuse of the court's discretion."