MARÍA DE LOS ANGELES GUILLERMETY, ET AL., Plaintiffs and Appellants, *v.* LUIS E. CAPÓ, Defendant and Appellee.

No. 7232. Argued November 2, 1937.—Decided November 30, 1937.

*La Costa & La Costa, Jr.,* for appellants; *José C. Rodríguez Cebollero* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The plaintiffs have appealed from an order rendered by the District Court of San Juan which order "leaves without effect or efficacy whatever the judgment entered on November 22, 1935, and reinstating the case to the same state it was before the trial, but taxing the defendant with the costs of this incident, without including attorneys' fees."

The complaint is to recover on a promissory note signed in favor of Rafael Guillermety, the predecessor in interest of the plaintiffs, by the defendant Luis E. Capó. On October 22, 1935 the clerk of the court notified the parties that the trial had been set for November 4, 1935, and the defendant failing to appear on said date the plaintiffs proceeded with the presentation of their evidence. On November 22, 1935 the court rendered judgment sustaining the complaint and taxing the defendant with the costs, including therein attorney's fees.

The attorney for the defendant filed a motion seeking to open the judgment in favor of the plaintiffs, said motion being based on the following allegations:

"1. . . . . . . . .

"2. That this attorney for the defendant did not have knowledge of said setting nor that the notice of the same had been sent to him by the clerk of this court three days ago, which was much later after the trial had taken place, due to the fact that when the messenger of this Court, who has charge of this official services delivered said notice in my office, I was absent from this Island, on professional matters, and the notice was delivered in a closed envelope to a sister of this attorney, who left it on the desk but failed to hand

over or inform me the receipt of said envelope, as she was not my employee, and was not aware of this matters, and as this attorney since the first days of the month of October has been compelled frequently to be absent from his office, in the town of Comerío on legal matters, as attorney for the Puerto Rico Production Credit Association, he could hardly come to this court, and was in complete ignorance of the settings made by the same.

"3. That if this attorney had had knowledge of said setting, he would not have failed to appear at the hearing of this case, as he thinks that the defendant has a sufficient and meritorious defense in the same, and because as an attorney he has always tried to comply faithfully with his duties towards his clients and the Court.

"4. That this attorney was surprised to learn that this case had been set and tried, three days ago as he has alleged, when he was searching in his desk for other papers and found the envelope containing said notice, and he came immediately to this court in order to verify whether the trial had taken place, which was affirmed by the celebration of the trial on said day and rendition of judgment against the defendant.

"5. That in these circumstances the defendant having a good defense against the pretensions of the plaintiffs, in accordance with the allegations of his answer, would be fatal for him, who since the first moment that this action was brought has had the necessity and interest to defend from said claim.

"6. That in this case, as we have alleged, due to the failure of the defendant to appear for trial, there has been inadvertence and surprise, because the notice sent by the clerk to this attorney did not reach him, and besides, there is an excusable negligence for the reasons stated that frequently he was absent from his office and from this city, in the interior of the Island, on professional matters."

The plaintiffs objected in writing to the opening of the judgment which had been rendered in their favor, but in spite thereof, the court, as we have said, so decided. The plaintiffs felt aggrieved and took an appeal. In their brief they assigned two errors, to wit:

"1. The District Court of San Juan erred manifestly in leaving without any effect or efficacy the judgment rendered by it on November 22, 1935.

"2. Said court also erred in taxing the defendant and appellee with the costs of the incident without including attorneys' fees."

Section 140 of the Code of Civil Procedure, among other things, provides:

". . . The court may likewise, in its discretion, after notice to the adverse party, allow upon such terms as may be just, an amendment to any pleading or proceeding in any other particulars; and may, upon like terms, allow an answer to be made after the time limited by this Code, and also relieve a party, or his legal representatives, from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; and whenever, for any reason satisfactory to the court or the judge thereof, the party aggrieved has failed to apply for the relief sought during the term at which such judgment, order, or proceeding complained of was taken, the court, or the judge thereof, in vacation may grant the relief upon application made within a reasonable time, not exceeding six months after the adjournment of the term. . ."

The words used are peculiarly strong in favor of a defaulting party: "Mistake," "inadvertence," "surprise," or "excusable neglect."

"Inadvertence" was the best characterization of the nature of the default in this appeal and it is put on the same basis as "mistake" or "surprise," grounds in many cases for the intervention of the court of equity. A stricter interpretation of default existed at common law but here the legislature has spoken. See, especially, the case of *Gutiérrez et al.* v. *Foix*, 23 P.R.R. 68.

The jurisprudence of the courts is clear to the effect that a judgment even after trial, as here, but practically by default, may be opened in the discretion of the court.

The appellants cite the case of *Cancela* v. *Pellot*, 34 P.R.R. 638. In that case, wherein we moved with considerable hesitation, the court below had once before refused to open the default. The appellee made out no merits at all for opening the default, but quite the contrary. The abuse of discretion there was clear.

The lower court said that the plaintiffs with good reasoning opposed the opening of the default, but that after examining the facts the court thought that the interests of justice

required that the case should be put where it had been before. It is evident, too, that the defendant appellee moved swiftly when advised of the judgment. We find no sufficient reason for overruling the discretion of the court.

The appellants also complain of the failure of the court to include, in the costs, attorneys fees. This is again a matter within the sound discretion of the court, supposing the court had the right to impose attorneys fees at this juncture.

The order appealed from should be affirmed.

### DISSENTING OPINION OF MR. JUSTICE TRAVIESO

The facts of this case are clearly stated in the majority opinion of this Court.

In it, what in my judgment constitutes negligence, abandonment and lack of diligence in the prosecution of a suit before a court of justice is called "inadvertence". *Gill* v. *Peppin,* 41 Cal. App. 487, 496; *Coleman* v. *Rankin,* 37 Cal. 247. The law does not impose on the clerks of the district courts the duty to notify the setting of a case for trial to the attorneys. *Cubano* v. *Jiménez et al.,* 32 P.R.R. 135; *Santalís et al.* v. *El Zenit,* 28 P.R.R. 649; *Cintrón* v. *El Zenit,* 28 P.R.R. 642. In this sense the attorney is as much an officer of the court as the clerk. It is conclusively presumed that he attends the court, and it is his duty to be aware of the status of his cases. *Guardian Assurance Co. Ltd.,* v. *López Acosta,* 24 P.R.R. 597. However, on October 22, 1935, the clerk of the court before which the instant case was pending, exceeding himself in compliance with his duties, notified the attorney for the defendant that the trial would be held on November 4 of the same year. It appears from the motion that he subsequently filed seeking to obtain that the judgment be left without effect, that said notice duly reached its destination. We are not concerned, hence, with a case as *Cubano* v. *Jiménez et al.,* supra, where the clerk did not notify the setting, in spite of which this Court reversed the order which left the judgment without effect.

And what reasons did the appellee aduce for the lower court to free him from the effects of the judgment which had been rendered? They amount to the following:

"2. That this attorney for the defendant had no knowledge of said setting or of . . . the notification . . . until . . . much later after the trial took place, because . . . I was absent in the interior of the island . . . and the notice was delivered . . . to a sister of this attorney, who . . . forgot to deliver or inform me of the receipt of said notice . . . and as this attorney . . . has been absent . . . he could hardly come to this court, and was in complete ignorance of the settings made by it.

"3. . . . that the defendant has a sufficient and meritorious de-fense. . ."

Disregarding the duties imposed on him by law, the attorney in this case, having suits pending and ready for trial in the lower court, absented himself from his office without first notifying said fact to the court, without leaving someone in charge of his office, without making with the attorney for the other side a stipulation postponing the setting, and without obtaining an extension from the court. In my judgment it is an error to qualify said conduct as an "inadvertence" when in *Gallardo* v. *Crescioni,* 49 P.R.R. 356, meeting with the same facts, this Court held that it could not say that there was "error, inadvertence, surprise or excusable negligence for the failure to attend the trial on the day set," stating as follows:

"The setting of the cause for trial was made in the general calendar of civil suits of the court, and was notified by the clerk to the attorney for defendants. The latter did not appear at the trial either pernosally or by their attorney, and after the evidence offered by the plaintiff was heard, judgment was rendered ordering Francisco A. Crescioni and Rosa Axtmayer jointly and severally to pay to Elisa Gallardo the sum claimed. Upon said judgment being notified to the attorney for defendants, the latter requested the court to vacate the same because they had received no notice of the day set for trial and because the answer of defendants set up a meritorious defense, which they had no opportunity to prove. The court

vacated its judgment based on Section 140 of the Code of Civil Procedure, and thereupon the plaintiff surety took the present appeal.

" [1, 2] Not only was the setting of the case for trial in the general calendar of the court sufficient notice to the attorney for defendants, as we have held in several decisions, but also the clerk of the court notified said setting to said attorney, for which reason we can not hold in this case, under all its special circumstances, that there was error, inadvertence, surprise, or excusable neglect for the failure to appear at the trial on the day set. Hence, whether or not the defense of defendants was meritorious, they had an opportunity, which their attorney failed to avail of, to prove the defense they set up and to have it determined whether or not the same was meritorious. Plaintiff must not suffer the consequences of the conduct of the attorney for the defendants.''

We do not deny the power of the district courts to decide cases as the present, in accordance with the discretion given to them by Section 140 of the Code of Civil Procedure, but the exercise of said discretion has its limits (*Essig* v. *Seaman*, 89 Cal. App. 295, 298) and without doubt should not be exercised contrary to previous decisions of this Court because to do so would constitute an abuse of discretion. *Cancela* v. *Pellot*, 34 P.R.R. 638; *Dunn* v. *Standard Acc. Ins. Co.*, 114 Cal. App. 208, 213.

''The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia*, but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice. In a plain case, this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates. If it be doubted whether the excuse offered is sufficient or not, or whether the defense set up is with or without merit *in foro legis*, when examined under those rules of law by which Judges are guided to a conclusion, the judgment of the Court below will not be disturbed. If, on the contrary, we are satisfied beyond a reasonable doubt that the Court below has come to an erroneous conclusion, the party complaining of the error is as much entitled to a reversal in a case like the present as in any other.'' *Bailey* v. *Taaffe*, 29 Cal. 423, 424.

See also: *Williamson* v. *Cummings etc. Co.*, 95 Cal. 652; *Essig* v. *Seaman*, supra, 89 Cal. App. 295; *Gill* v. *Peppin*, supra, 41 Cal. App. 487, 493; *Coleman* v. *Rankin*, 37 Cal. 247; *Durbrow* v. *Chesley*, 24 Cal. App. 416: *Redding etc. Min. Co.* v. *Nat. Surety Co.*, 18 Cal. App. 488.

In the opinion rendered by the majority of this Court the case of *Gutiérrez et al.* v. *Foix*, 23 P.R.R. 68 is cited as an authority, and yet the case of *Cancela* v. *Pellot*, supra, is distinguished from the instant case on the ground that in the former the lower court had previously refused to order the opening of the default.

The case of *Gutiérrez* v. *Foix*, supra, in my judgment is. not applicable to the instant case, because in the former there were facts which are lacking here. Let us see. In the former:

" . . . the attorney for plaintiff, appellant, finding it impossible to attend upon the date set for trial *de novo* in the district court, had telegraphed the attorney for Foix asking him to request the postponement of the case and had received the following reply: 'Send motion for continuance. I will acquiesce.' Also that thereupon a stipulation for postponement of the case until further order was sent to the attorney for Foix."

It was decided very correctly, in my judgment, that the lower court had abused its power of discretion in overruling the motion of the plaintiffs seeking to open the judgment, because "although as a matter of fact they did not appear it was because they understood and could in good faith understand that the trial would be postponed with the consent of the defendant." The case is clearly different. The attorney for the plaintiffs was diligent; he stipulated a postponement with the attorney for the defendant.

In spite of the fact that in the case of *Cancela* v. *Pellot*, the lower court had previously refused to open the default, this Court held:

"We have frequently decided that business or professional engagements away from the domicile of the client are not an excuse for

not attending to a client's business. If alleged professional occupations will suffer an attorney to make feints of pleading instead of actually answering, then busy lawyers can delay cases indefinitely. We are bound to doubt whether the attorney was too busy for six months or so to give proper attention to this case, especially as in any stringency the attorney for the defendant moved promptly enough.

"... A complainant has certain rights and should not be made to depend upon the caprice and arbitrary will of an attorney for a defendant."

The case may be a stronger one than the instant, if it is so desired, but this does not mean that in this case which we are deciding the lower court did not abuse its discretion also. The question there decided was at issue and until it is revoked, the case is authority to decide the instant and any analogous case which may present in the future.

In view thereof, I am of the opinion that the order appealed from should have been reversed as it constituted a clear abuse of discretion.